CASE 9—MOTION—JUNE 20.

APPEAL FROM OLDHAM COUNTY COURT.

# Jones and Kelly vs. Commonwealth.

1. Although a court cannot, at a subsequent term, revoke or correct an order merely erroneous, yet it may and should disregard its own order if it is void.

2. A certificate by a justice that a negro committed by him to jail "was arrested and brought before him as a runaway slave," without anything to show an adjudication that he was a runaway slave, did not authorize the county court to order him sold; and such order and sale, and all proceedings under it, were void.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

On the 22d day of November, 1862, a justice of the peace for Oldham county certified that a colored boy named *William had been arrested and brought before him as a runaway*, and thereupon he committed him to the jailer of said county.

On the 20th of April, 1863, the county court of Oldham, on the jailer's report, ordered the sale of said boy by the sheriff, who sold him on the 18th of May, 1863, to the appellant, *Jones*, as highest bidder, and took and returned to said court his bond, with his co-appellant as his surety for $285, payable to the Commonwealth in twelve months.

On the 18th of July, 1864, the appellants, on notice duly served, moved the said county court to cancel the said bond, and quash an execution issued thereon; and, among various causes for sustaining the motion, charged that the commitment of *William* to jail was illegal, and the order of sale, unauthorized and void, and that William had been taken by military power; but the court overruled the motion, and this appeal brings up that judgment for revision.

The certificate on which the *mittimus* was indorsed was insufficient to authorize it, because, instead of showing that the justice had adjudged that *there was "reasonable cause to suspect"* that *William* was *a runaway slave*, as required by the 1*st section of article* 6, *chapter* 93, *of Stanton's Revised Statutes*, 2*d vol., page* 371, it only stated that the boy *had been arrested*

*and brought before him as a runaway negro.* It does not import any adjudication that there was "reasonable cause to suspect" that *William* was either a slave or a runaway; and this the inevitable construction of the statute required as indispensable to the commitment of him to jail as a runaway slave; and this court, in the case of *Bullitt vs. Clement* (16 *B. Mon.*, 199), so decided.

The commitment having been thus unauthorized and illegal, the county court had no jurisdiction to order the sale, which was thereupon void; consequently, the sale bond was without any binding consideration, and also void; and therefore the execution for enforcing it gave no legal authority to the sheriff, who would be guilty of trespass by levying it and selling property under it; and, although the county court could not, at a subsequent term, revoke or correct an order merely erroneous, yet it might and should disregard its own void order, and quash the execution wrongfully issued under it. If *William* was a slave, the void sale did not pass the owner's title, or any title, to the purchaser; and, consequently, the court that directed the sale should cancel the sale bond.

On this ground alone, without considering any other, this court adjudges that the court below erred in overruling the motion.

Wherefore, the judgment is reversed, and the cause remanded for a judgment conformable herewith.