CHEEP JUSTICE WILLIAMS
delivered the opinion op the court.
Robert Kennedy died intestate in the year 1861, leaving an insufficient personal estate to pay his debts, and a tract of land of over five hundred acres.
D. P. Bethel administered, but he was afterward set aside, and the estate committed to the hands of James L. Hill, the sheriff, who filed a petition February 3, 1865, against the children and heirs at law, the late administrator and his securities, and the creditors of decedent, averring the insufficiency of the personal assets, asking a settlement and a sale of so much of the land as might be necessary to pay the debts.
The adult children and heirs, and the married woman, Mrs. I). P. Bethel, answered, asking a sale of the entire land instead of a portion and partition. She being privily examined, the court referred the matter to commissioners to take evidence, report, etc., and December 23, 1865, *67 rendered a final judgment ordering said land to be sold: first in two tracts, as designated by the surveyor’s plat in the case, and then in gross, and to report the sale most advantageous to the heirs, but not to sell unless the whole tract brought a sum equivalent to eighteen dollars per acre. This sale was to be upon one and two years’ time; but should it not sell for that sum, then a sufficiency off a designated side was to be sold to pay the ascertained indebtedness of one thousand two hundred dollars and costs.
Whether any attempt to sell under this judgment was made does not appear; but December 17, 1867, another apparently original judgment was rendered “upon the petition, answers, various reports, exhibits, surveys, evidences,” etc., without any supplemental pleadings or other steps, in which said land is directed to be sold on credits of nine, twelve, and eighteen months, and without any restriction as to price.
February 17, 1868, the commissioner offered said land for sale in the manner prescribed in the first judgment, and on the terms prescribed in the last one, and it was struck off to W. C. Bethel at five thousand three hundred and seventy-nine dollars.
June 8, 1868, the commissioner made and filed his report of said sale, which was ordered'to lie over for exceptions to the 13th day of the month, when it was confirmed, there being no exceptions.
December 3, 1868, "W. C. Bethel, the purchaser, moved the court for a writ of possession for said land, which was overruled. But four days thereafter a rule was awarded on his motion against D. P. Bethel and wife, then in possession of the land, to show cause why the purchaser should not have possession; to which they, together with Judith Kennedy, another heir, responded that they, together with the three other children and heirs, held said *68 land jointly; that W. C. Bethel had paid no part of the purchase price; that a lien in their favor existed, but that the. sale was irregular and void, being made in pursuance of a void judgment; and, upon hearing, the court dismissed said rule, and from which W. C. Bethel prosecutes this appeal.
The second judgment does not appear to be supplemental, made upon any kind of suggestion to alter or modify the original one, but purports to be an original judgment itself.
It presents therefore a different question than would have arisen had it been a supplemental judgment, made upon proper suggestions, to alter or perfect the original one in some of its details. There can scarcely be any doubt but that the commissioner should have sold strictly according to one or the other, and could not combine them.
The court, having in the first judgment disposed of the case upon the petition, exhibits, and evidence, and rendered his judgment thereon, had no power after the -adjournment of that term to render another and different judgment upon the same record without further pleadings, suggestions, or evidence; and such judgment was therefore a nullity, and conferred no power on the commissioner, whose only authority for the sale was therefore to be found in the first judgment. The first judgment gave him no power to sell the entire tract for less than eighteen dollars per acre, and that upon one and two years’ time; his sale for a less sum, and on different credits, was therefore wholly unauthorized, and a departure from the only valid judgment in the case, and no confirmation of the sale could bind the heirs, especially the minors, and supply the want of a judgment. Knowing the terms of the only valid judgment in the case they *69 had a right to suppose that the court would see that the sale should conform thereto, and were not bound to attend every court to resist an unauthorized and void sale.
The court fully disposed of .the cause, as made out by the pleadings and evidence as to the sale, in the first judgment, and no other judgment can be rendered thereon; however, it might render a supplemental judgment upon proper proceedings for that purpose.
The sale can only be valid when made in pursuance of the judgment, and no invalid sale can be sanctified by a mere confirmation of the commissioner’s report.
The court properly held that the last judgment, and the sale made in pursuance thereof, were invalid and unenforceable, and correctly set the sale aside.
Wherefore said judgment is affirmed.