*Moss, for appellant.*

---

COMMONWEALTH *v.* C. M. HUMSTON.

**Judgment—Execution—Arbitration and Judgment.**

> Where the state procured a judgment for $1,397.32, and execution issued thereon was withdrawn by order of the commonwealth's attorney, who entered into a contract some time thereafter with the defendant to submit the question of the amount owed by the defendant to arbitration, which was done and report made that the debt was $426.03, and the court pronounced judgment for such amount, and said judgment was paid, such later judgment was void, and the commonwealth's attorney had no authority to agree to submit to arbitration what had been determined by a valid judgment unappealed from.

**Attorney and Client.**

> An attorney at law cannot compromise his client's claim in his hands for collection after obtaining judgment thereon by agreeing to take less than its full amount.

APPEAL FROM HENRY CIRCUIT COURT.

September 5, 1877.

OPINION BY JUDGE ELLIOTT:

This appeal seeks to reverse a judgment of the Henry County Criminal Court. It appears by the pleading in this suit that in 1862 the appellant recovered judgment against the appellee for the sum of $2,360.27, with 30 per cent. damages thereon, amounting in the whole to the sum of $3,068.27. This judgment, as the records indicated, was rendered by the appellee's confession.

The appellee, afterwards and at the term of the rendition of the judgment, appeared in court and made a motion to set aside the judgment upon the ground that he had not been summoned and had

not appeared to the action. On hearing, the court modified the judgment by adjudging against him the sum of $1,397.32. Upon this judgment a fi. fa. was issued and levied on his land, but by the direction of the attorney for the commonwealth and trustee of the jury fund the fi. fa. was returned without proceeding to a sale of appellee's property. Appellee avers that after the rendition of the judgment and the levy made by the sheriff on his property he and the commonwealth's attorney and trustee of the jury fund, the last being his son, entered into a written agreement to sumbit the question of how much he really owed the state to arbitration, which was done, and that the arbitrators reported their award to the April term of the court, 1863. This award was made the judgment of the court, and the court having directed to whom the money should be paid he paid it as directed. The award stated his indebtedness to be $426.03. In 1875, a new trustee of the jury fund having been appointed, the court, at his solicitation, directed the clerk to ascertain what sum remained unpaid of the judgment of September, 1862, of $1,397.32, and on examination the clerk reported that there was still due of the judgment debt of 1862 the sum of $740.28, and the court ordered execution to issue for the amount, and the appellee now insists that the judgment on the award is conclusive of this case.

We are of different opinion. The court had no power over the judgment of 1862 after the expiration of the term at which it was rendered, unless upon grounds for a new trial filed as required by the Code. See *Jones & Kelly v. Commonwealth,* 2 Duv. 81. And whilst the commonwealth's attorney and trustee of the jury fund may have been considered agents of the state in the obtention of the judgment, they had no authority to submit that judgment to arbitration. It has been repeatedly held by this court that an attorney-at-law could not compromise his client's claim put in his hands for collection after he had obtained judgment thereon by agreeing to take less than its full amount, nor can he, after judgment, submit the amount thereof to arbitration and have the amount reduced by an award of arbitrators; and certainly the attorney of the commonwealth nor the trustee of the jury fund have no greater power than an attorney-at-law has, as agent of his client.

In the case of *W. C. Bethel v. D. T. Bethel,* 6 Bush 65, this court decided that when two judgments are rendered in the same case the last judgment, if rendered without supplemental pleadings, is void, and we therefore regard the judgment of 1863 as null and void. If, however, the appellee has paid any part of the judgment since the

clerk reported the balance against him, he should have credit for it.

The judgment is *reversed* and cause remanded for further proceeding consistent herewith.

Judge Pryor not sitting.

*Caldwell & Harwood, W. Montfort, for appellant.*

*Webb & Masterson, for appellee.*