## S. S. LANCASTER, ET AL., *v.* JOHN J. SMOOT, ET AL.

**Attachment—Evidence to Sustain.**

> Where there is sufficient evidence to sustain a charge that a defendant was attempting to fraudulently dispose of his property to defraud his creditors, the error of the trial court, if it was error in overruling exceptions to certain questions seeking to prove the same facts, is not reversible in this court.

**Second Judgment on Same Debt.**

> An appellant cannot ask the Court of Appeals to set aside a second judgment for the same debt where he failed to move in the trial court to set it aside.

### APPEAL FROM BATH CIRCUIT COURT.

#### January 24, 1879.

OPINION BY JUDGE HINES:

Appellants have not placed themselves in a condition to authorize us to review the action of the court below in rendering the second personal judgment in favor of appellees. Under the authority of *Bethel v. Bethel*, 6 Bush 65, the second judgment on the debt is void; but it cannot be disturbed by this court because no motion was made in the court below to set it aside. Sec. 763, Civil Code. This, however, does not interfere with an inquiry into the rulings of the court in sustaining the attachments. The charge that appellant was attempting fraudulently to dispose of his property for the purpose of defrauding his creditors is supported by the evidence. The testimony of Land alone is sufficient for that purpose.

It is unnecessary to inquire whether the court erred in overruling exceptions to questions 12, 20 and 25 of Smoot's deposition, for, as we have stated, the evidence of Land alone supports the finding, and besides the questions do not bear upon the evidence of Land.

The judgment correctly directs the sale of the personalty attached and then the sale of the realty to satisfy the debts. But if the judgment did not so direct there would be no cause of complaint, as the evidence tends to show that other liens and exemptions would con-

sume the personalty. There is nothing in this connection to show that the substantial rights of appellants have been prejudiced.

Judgment *affirmed*.

*J. M. Nesbitt, R. Gudgell, for appellants.*

*Reid & Stone, for appellees.*

