CHIEF JUSTICE WILLIAMS
delivered the opinion of the court.
Philip Swigert, being guardian for the Herndon children, obtained an order of sale of their real estate, situated in Frankfort, upon petition, etc. These proceedings were all regular, according to the 86th chapter of the Revised Statutes. At the sale Lancaster became the purchaser at five thousand dollars, to be paid in five equal annual installments, with interest from date; which sale was, according to the judgment and the commissioner’s report thereof, filed at the next term, and returning Lancaster’s obligations therefor, was approved.
Subsequent to this Swigert resigned, and by order of the county court was released from his guardianship of said wards, also as administrator of their deceased mother’s estate, but was mot removed as the commissioner in chancery to sell said real estate.
J. C. Herndon, the oldest of the wards, having arrived at majority, was by the county court ajipointed guardian for his two sisters Anna and Felicia, but not for his sister Margaret, now wife of Archibald Dixon. He was also appointed administrator de bonis non of his mother’s estate. Previous to his said appointments none of the purchase price for the lots and houses had been paid by Lancaster, nor had Swigert any authority by additional order to collect said purchase price, and the orignal judgment only authorized him to sell and report. Lancaster, however, by the advice- of Swigert, continued to pay J. C. Herndon, as guardian, the amount due his two wards, and Margaret’s part he paid to her brother as administrator aforesaid.
These matters were reported to the court, which ordered a deed made to the Nazareth Literary Institution, as desired and ordered by Lancaster, which deed was made and approved by court.
*485 Herndon’s two wards afterward moved a rule against Lancaster and Tobin, and Dixon and wife also sued out a rule against them to show cause why they should not be compelled to pay into court said various installments; to which they set up the recited facts as a full and legal response and bar. The court adjudged against Anna and Felicia Herndon, but in favor of Dixon and wife, to correct which the losing parties have prosecuted these two appeals.
Anna and Felicia Herndon predicate their right of recovery upon the failure of J. C. Herndon, as their guardian, to execute a bond in the equity case. Swigert, as the then guardian, had executed said bond; hence the express provision of chapter 86 of the Revised Statutes had been complied with. The sale was valid when made, and could not be rendered invalid by a subsequent change of the guardian, nor by one of the wards having none appointed after Swigert ceased to be such for her. While doubtless the chancellor, as parens patrice of minors, could and should have required bond of Herndon as guardian of his two wards, yet the Revised Statutes does not expressly require this; hence the subsequent recognition of the chancellor of the payment to him under his county court appointment renders such payment valid, as he was the person by law entitled to receive and have the custody of their money; therefore the judgment as to them was right, and is affirmed.
But it is quite different as to Mrs. Dixon: she had no guardian, and there was no one authorized to receive her portion of the proceeds of said sale. J. C. Herndon, as administrator de bonis non, had no right to demand or receive the proceeds of this real estate sold by order of the chancellor, not as the estate of his decedent, but as the estate of Swigert’s minor wards. The bonds had been *486 returned to the court, and were legally in its custody, aud until a further order Swigert, as commissioner, was uot authorized to collect them, much less to advise the payment to an unauthorized person. This payment was made to an unauthorized person, and in the payer’s own wrong, in violation of law, and a disregard of Margaret Dixon’s legal rights, and could not be sanctified by the subsequent recognition of the chancellor; for, had he expressly so ordered, it should be reversed.
For these reasons the response of Lancaster and Tobin presented no legal reason why they should not bi’ing into court or pay to Dixon and wife her part of the proceeds of said sale, and the judgment of the court was correct on their rule.
Wherefore the judgments are affirmed, both on the appeal of Anna and Felicia Herndon, and the appeal of Lancaster’s administrators and Tobin.