JUDGE HARDIN
delivered the oeihton oe the court.
This was a proceeding instituted by the guardians of the infant devisees of William Miller, deceased, for the sale of a tract of about three hundred and eighty-four acres of land in Hardin County, under the provisions of chapter 86 of the Revised Statutes.
The court adjudged that the land be sold upon credits of six, twelve, and eighteen months for equal installments of the price, and the commissioner appointed to make the sale so advertised the terms as directed in the judgment; but upon the written request of the guardians, on the day of sale, changed the terms from those pi’escribed by the court, and proceeded to sell the land on credits of one, two, and three years, for equal sums, and thereupon the appellant became the purchaser of the land at the price of four thousand six hundred dollars, and executed a bond, with surety therefor, in three annual payments of $1,533.33-J- each. The sale was confirmed by the court on the 5th day of December, 1868, but no conveyance was ordered; and at the same term of the court the appellant appeared, and, on grounds filed, moved the court to set aside the sale and cancel his bonds; and that motion being heard and overruled, he has appealed to this court.
The only material question to be determined is whether the sale was invalid in consequence of the departure of the commissioner, at the instance of the guardians, from the requirement of the judgment, and his own advertisement as to the terms of the sale.
The principle has been often recognized and affirmed by *547 this court that it is essential to the validity of sales of land under notice that the notice must be in pursuance of the power to sell, and the sale must be in pursuance of the notice, at least so far as the observance of either may be important for the safety of any substantial right involved. (Hahn v. Pindell, 1 Bush, 538; Jarboe, &c. v. Colvin, &c., 4 Bush, 70.) Applying this rule to the question in this case, the sale was manifestly unauthorized, and ought not to be upheld as against the infant owners of the land, although their guardians, through worthy motives no doubt, now seek to sustain it. The action of the commissioner in changing the terms of the sale may have been more detrimental to the rights of the infants than an entire failure to advertise any terms of sale at all; for while the notice may have operated to discourage persons from attending the sale who were willing to bid for the land on the terms on which it was sold, the change made by the commissioner may have prevented another class from bidding who may have attended the sale upon the faith of the terms prescribed by the court and advertised by the commissioner.
Wherefore the judgment overruling the motion of the appellant is reversed, and the cause remanded with instructions to set aside the sale and cancel the bonds of the appellant and his sureties.