CASE 90—AGREED CASE—SEPTEMBER 24.

# Board of Councilmen v. Scott.

APPEAL FROM FRANKLIN CIRCUIT COURT.

1. TAXATION — CONSTITUTIONAL CONSTRUCTION — MUNICIPALITIES — BOUNDARIES.—Under the provisions of sec. 171 of the Kentucky Constitution that "taxes shall be levied and collected for public purposes only" and that they "shall be uniform upon all property subject to taxation within the territorial limits of the authority levying the tax," real estate within the limits of municipal corporations is subject to municipal taxation without regard to any question of benefits or protection derived from the municipal government.

HUGH RODMAN FOR APPELLANT.

1. It is not essential that the citizen should receive all the benefits of a city government, before he can be taxed by it.  Dillon on Municipal Corporations, vol. 2, sec. 795.

2. The agreed facts show that appellant's lands within the city limits are not used strictly for agricultural purposes, but that it is a beautiful, modern, handsomely improved residence with yard and garden attached, and gets the practical benefits from the city government. Trustees of Elkton v. Gill, 14 Ky. Law Rept., 755; Dillon on Municipal Corporations, vol. 2, p. 791; Cheaney v. Hooser, 9 B. M., 346; Swift & Co. v. City of Newport, 7 Bush, 41; Briggs v. Town of Russellville, 99 Ky., 515.

W. H. JULIAN ON SAME SIDE.

1. Equity will never interfere to enjoin the collection of taxes, except in a clear case of urgent necessity; and where the city boundaries are extended with the legitimate object of improving the town and it is not palpably perverted for the unauthorized purpose only of lessening the burden of taxation, the taxes will be enforced. High on Injunction, vol. 1, secs. 22, 485; Briggs v. Town of Russellville, 99 Ky., 515.
2. Under the provisions of sec. 171 of the Kentucky Constitution, the tax shall be uniform upon all property within the territorial limits of the authority levying the tax, except such property as is exempted under the provisions of the Constitution.

GEORGE C. DRANE AND JOHN L. SCOTT, JR., FOR APPELLEE.

1. The agreed facts show that the lands are used strictly for agricultural purposes, and under the provisions of the act extending the boundary of the city of Frankfort such lands "shall not be taxed for municipal purposes until the same shall be improved, built upon, or used for city purposes." Acts of 1890, vol. 2, p. 1133.
2. Even without the provision in the amendment of the charter, the right to tax lands within the municipality at all rests upon the benefits to the property taxed, and on general principles of mutuality between the municipality and the owner or property taxed. Cheaney v. Hooser, 9 B. M., 345; Covington v. Southgate, 15 B. M., 498; Courtney v. City of Louisville, 12 Bush, 420; Preston v. Roberts, 12 Bush, 587; Louisville Bridge Co. v. City of Louisville, 81 Ky., 200; Parkland v. Gaines, 88 Ky., 562; Henderson Bridge Co. v. Henderson, 90 Ky., 502; Eifort v. Covington, 91 Ky., 198; Covington v. Arthur, 12 Ky. Law Rept., 163; Dillon on Municipal Corporations, vol. 2, p. 791; Judge of Campbell County Court v. Taylor, 8 Bush, 208; R. R. Co. v. Warren County Court, 7 Bush, 724; Cooley on Taxation, 348, 678.

JOHN L. SCOTT, Sr. IN PETITION FOR REHEARING.

1. The title of the act extending the city limits of Frankfort relates to more than one subject, and is therefore void. Constitution of 1850, sec. 37; Hind v. Rice, 10 Bush, 528; Pennington v. Woolfolk, 79 Ky., 13.

2. The proviso contained in the act extending the limits, that these lands should not be taxed was an irrevocable contract, and the city is estopped to tax them no matter what the subsequent Constitution may say.   Amer. & Eng. Enc. of Law, vol. 3, p. 741, 751, 758; Green v. Battle, 8 Wheaton, 84; Winter v. Jones, 10 Ga., 190; Robinson v. McGee, 9 Cal., 81; Nelson v. Allen, 1 Yerger Tenn.), 360; Dartmouth College case, 4 Wheaton, 570; City of Frankfort v. Deposit Bank, 57 Ky., 382; Beach on Contracts, vol. 1, secs. 24, 25.

3. Section 171 of the present Constitution by its terms applies only to property subject to taxation in the city.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

This is an appeal from the Franklin Circuit Court, rendered in favor of appellee upon the following agreed statement of facts:   That the appellant is the corporate name by which the municipal corporation, known as the city of Frankfort, in Franklin county, Ky., may sue and be sued; that in the year 1873, appellee, Jno. L. Scott, purchased a tract of land of about twenty-seven acres, then lying outside of the city limits of Frankfort—nearly one-third of a mile outside; that in 1876 said appellee built a valuable residence thereon, there being no building of any kind thereon till 1876; that in 1876 said Scott moved into said residence and has since that time resided there; that no part of said twenty-seven acres has ever been laid off into town or city lots, or built upon or improved or sold or used as city property, but the whole has ever been, since 1876 and still is, used strictly for agricultural, pasture and garden purposes, and as a home and residence for said Scott and family; that there has never

been any buildings on said twenty-seven acres, excepting the residence of appellee and the usual stables and outbuildings; that said twenty-seven acres fronts about 775 feet on the south-east side of the Frankfort and Versailles turnpike road, a stone fence that was there when Scott purchased forming the entire front on the pike, and the whole of the twenty-seven acres running back south-eastwardly, in an oblong square, a distance of one-third of a mile to the L. & N. R. R., the other three sides being enclosed by fences, thus throwing the entire twenty-seven acres into one enclosure, with the residence in the center and about 200 feet from the stone fence on the turnpike; that on the 22d day of, April, 1890, at the request of appellant and against the will of appellee, the legislature of Kentucky passed an act extending the limits and boundary of the city of Frankfort so as to embrace and take into the new city limits from three to five acres of the front of appellee's tract of land lying on said turnpike, cutting off and taking into the new city limits an irregular triangle, including appellee's residence and a part of his garden; that between said Scott's twenty-seven acres and the old city limits there is 100 acres belonging to the State and used as a feeble-minded institute and was never cut up into lots and beyond said appellee's land it is all agricultural and pasture lands; that on the front of Scott's lands are numerous forest and other trees and the whole is covered with grass, and is used for agricultural, pasture and garden purposes only, and Scott keeps and has for many years kept a herd of Jersey cattle that graze all over same, except the garden, as well on that taken into the city as on that left out. Scott's family have

Board of Councilmen v. Scott.

for many years run a market wagon from that place to the old part of the city to carry to market milk, butter, cream and garden vegetables produced on the land. It is also agreed that Scott sent his children to the city school in Frankfort in 1892 and 1893, and that Scott voted at some general city election held in said city one of those years. It is agreed that the turnpike company owns and uses that turnpike that runs by and past Scott's property and charges and collects tolls from persons using said pike in front of all three of said tracts of land, and that the city of Frankfort has no control over said turnpike further out than the old city limits; that the city has never opened or constructed any street or alley or sidewalk or sewer or gas or electric pipes or lights or furnished any fire, water or police protection in front of said Scott's property or nearer to it than the old city limits, which lacks nearly one-third of a mile of reaching any part of Scott's property; and that the city furnishes all these benefits to the residents within the old city limits. It is admitted that the reasonable value of his residence and the three to five acres of ground taken in by the act of extension is as much as $4,500. It is agreed that Jno. L. Scott, Jr., is a son of appellee and is twenty-five years old, and made the race for prosecuting attorney of the city of Frankfort during 1893, in December. It is agreed that appellant assessed the said residence and the three to five acres for taxation for municipal purposes for the year 1894, fixing the assessable value of said property at $4,500, and fixing the rate of taxation at $1.40 on each $100, and is about to coerce the payment of said taxes from appellee, and asserts the right to so assess and collect taxes on said

property continuously from year to year. It is agreed that the amount in controversy is more than $150.

On this agreed statement of facts the Franklin Circuit Court decided that the property of said Scott was not subject to taxation for municipal purposes, and perpetually enjoined appellant from proceeding to assess and collect taxes on same, and from that judgment this appeal is prosecuted.

It is contended by appellee that his property is not taxable for municipal purposes by the city of Frankfort, although within its limits, because the same is used exclusively for agricultural purposes and derives no benefits from the municipal government, all which facts are shown in the agreed statement.

This question has been frequently before this court and decided under the former Constitution. On the other hand, the appellant contends that as the property of appellee is within the city limits, it should pay taxes to the muncipality in support of its government regardless of the uses for which it may be put or the benefits derived from the municipality.

Section 171 of the present Constitution declares:    *    *    *
"Taxes shall be levied and collected for public purposes only. They shall be uniform upon all property subject to taxation within the territorial limits of the authority levying the tax, and all taxes shall be levied and collected by general laws."

Section 172 provides: "All property not exempted from taxation by this Constitution shall be assessed for taxation at its fair cash value, estimated at the price it would bring at a fair voluntary sale."

By section 170 of the Constitution certain property is exempted from taxation. such as churches, school-houses, public libraries and the like; but it is not claimed that the property of appellee is embraced by any of the kinds there named.

In the case of Pence v. The City of Frankfort, *ante*, 534, Burnam, judge, after reciting the above sections of the Constitution, proceeds: "The legislature has the power to create municipal corporations, to establish the boundaries of same, and to alter and change them at pleasure, and to delegate such power to the legislative departments of city governments, and to authorize them to levy and collect taxes for their support; and that power having been exercised by the city authorities in conformity with all the provisions and restrictions required by the act of the legislature, the citizens and property included in the annexed territory are liable for all burdens in the form of taxation which are imposed upon the residents of the city making the annexation.    The corporate boundaries being established, whatever property is included within those limits has been included because it justly belongs there, as being within the circuit which is benefitted by the local government and which should consequently contribute to its support.    No question can properly be raised as to the complete legislative jurisdiction over this matter, and the judiciary can have no general authority to correct injustice in legislative action in matters of taxation."

The most recent case where this question has directly been passed upon is Briggs, Trustee v. Town of Russellville, 99 Ky., 515.    But in that case the court

expressly refrained from expressing an opinion as to the effect of section 171 of the Constitution, saying: "Nor is it necessary for us to determine the effect of the provisions of our present Constitution, requiring that taxes shall be uniform upon all property subject to taxation within the territorial limits of the authority levying the tax and prohibiting the exemption from taxation of any property except such as is exempted by the Constitution." So that case can have no bearing on this case. It seems clear to us that by section 171 of our present Constitution, and by section 4020 of Kentucky Statutes, which provides: "All real and personal estate within this State, and all personal estate of persons residing in this State, * * * shall be subject to taxation unless the same be exempt from taxation by the Constitution, and shall be assessed at its fair cash value, estimated at the price it would bring at a fair voluntary sale;" and also by section 3290 of Kentucky Statutes, being a provision of the charter of cities of the third class, which provides that "the common council of each of said cities shall, within the limitation of the Constitution of the State and this act, have power by ordinance to levy and collect taxes upon all property, franchises and privileges taxable for State purposes," that the property of appellee Scott is liable to pay taxes to the appellant, regardless of any question of benefits or protection derived from the city government. For these plain provisions in the Constitution and statutes clearly provide that cities of the third class, Frankfort being in that class, have full power and authority, and it is the imperative duty, to levy taxes, if at all, upon all property within its corporate limits, excepting only the

kinds of property exempted by the Constitution, section 170.

Therefore, for these reasons the judgment of the circuit court is reversed and cause remanded, with directions to set aside its judgment and to dismiss the petition.