CASE 55—AGREED CASE—DECEMBER 2.

# Board of Council of Nicholasville v. Rarick.

APPEAL FROM JESSAMINE CIRCUIT COURT.

1. TAXATION—CONSTITUTIONAL LAW.—Under the provison of section 174 of the present Constitution of Kentucky, that "all property . . . shall be taxed in proportion to its value," and the provision of section 171 of that instrument that taxes "shall be uniform upon all property subject to taxation within the territorial limits of the authority levying the taxes," taxes imposed by municipalities shall be levied and collected on all property situated within the territorial limits of such municipality, unless it be exempt from taxation in virtue of some constitutional provision. In this case the appellee owns about 236 acres of land, about 120 acres of which is inside the city limits of Nicholasville, and that portion inside the city is held to be liable to municipal taxation. (Board of Councilmen v. Scott, 101 Ky., 615.)

BRONAUGH & BRONAUGH FOR APPELLANTS.

1. The principle announced in the case of Covington v. Southgate, 15 B. M., 491, and in similar cases, has no application under the provisions of our present Constitution. It was the policy of its framers, plainly and clearly expressed, to make all property within the taxing district alike subject to taxation, unless it should be expressly exempted. Ky. Constitution, secs. 170, 171, 174 and 181. Briggs v. Russellville and Russellville v. Beall, 99 Ky., 515.

BRECKENRIDGE & SHELBY FOR APPELLEE.

1. The principle laid down in the case of Covington v. Southgate, 15 B. M., 491, was not intended to be changed or modified or abrogated by our present Constitution; appellee's lands were used exclusively for farming purposes and derived no benefit from municipal taxation, and could not be taxed for municipal purposes without a violation of the constitutional provision that property can not be taken for public use without just compensation. Covington v. Southgate, 15 B. M., 491; Courtney v. Louisville, 12 Bush, 421; Holzhauer v. Newport, 94 Ky., 407; Briggs v. Russellville, 99 Ky., 515; Elkton v. Gill, 94 Ky., 140.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

Philip Rarick is the owner of a farm containing about two hundred and thirty-six acres, through which the boun-

dary line of the town of Nicholasville passes in such a way as to include within the limits of the corporation about one hundred and twenty acres of the farm. Under the doctrine of the Southgate case, 15 B. M., 491, the one hundred and twenty acres would not have been subject to municipal taxation. The sole question in this appeal is whether the present Constitution has changed the rule of municipal taxation recognized in that case to be the correct one under the former Constitution.

We think that the case of the board of councilmen of the City of Frankfort v. Scott, 101 Ky., 615, determines the question in this case. There is no question raised as to the regularity of the assessment, nor that the board of councilmen sought to impose the tax under a general law.

Section 174 of the Constitution reads as follows: "All property, whether owned by natural persons or corporations, shall be taxed in proportion to its value unless exempted by this Constitution." . . . There is no contention that the property is assessed in excess of its value, nor is there any claim that it is exempted from taxation by the Constitution.

Section 171 of the Constitution reads as follows. . . . "Taxes shall be levied for public purposes only. They shall be uniform upon all property subject to taxation within the territorial limits of the authority levying the tax; and all taxes shall be levied and collected by general laws."

It is our opinion when taxes are imposed by municipalities they shall be levied and collected on all property situated within the territorial limits of such municipalities, except

it be exempted from taxation in virtue of the provisions of the Constitution. When taxes are imposed by proper authority in the State, county, or any subdivision thereof, or taxing district, they shall be levied and collected on all property situated within the territorial limits of the authority levying them, except it be exempted by the Constitution.

We are of the opinion that the Constitution has changed the rule of taxation as announced in the Southgate case and those following it which enunciated a similar doctrine.

The judgment is reversed.