CASE 15—PETITION EQUITY—FEBRUARY 3.

# Town of Williamstown v. Mathews, Etc.

### APPEAL FROM GRANT CIRCUIT COURT.

1. MUNICIPALITIES—ANNEXATION OF TERRITORY.—Under the provisions of sec. 3665 of the Kentucky Statutes with reference to the annexation of territory to cities and towns, that "if the court shall be satisfied that seventy-five per cent. or more of the resident freeholders of the territory sought to be annexed have remonstrated then such annexation shall not take place unless the court shall find from the evidence that a failure to annex will materially retard the prosperity of such town and all the owners and inhabitants of the territory sought to be annexed;" if seventy-five per cent. of the freeholders object to annexation, the court should not annex unless it appear to be for the material good of both the town and of the citizens of the territory proposed to be annexed.

2. SAME.—The requisite proportion of freeholders having remonstrated against the annexation, this court will not disturb a judgment refusing to make the same, the territory proposed to be annexed consisting principally of farming lands, which will not be benefited by the annexation, although there are parts of the

territory, including a depot and saloon, which might be properly
.annexed.

W. W. DICKERSON, J. H. WESTOVER AND W. W. POINTS FOR
APPELLANTS.

1. The evidence shows that the limits of the town are too narrow,
and that it will be beneficial both to the town and to the territory
proposed to be annexed to have it annexed; nearly all the resi-
dents of the annexed territory have by reason, of their proximity
to the town, and the fact that they nearly all do business therein,
full benefit of the streets and sidewalks; and the taxation in the
town is so small that it can be of no material injury. The depot
is outside of the town limits and should be annexed so that police
protection could be extended to persons coming to and leaving the
town.

GEORGE C. DRANE FOR APPELLEE.

1. In this class of cases the findings of fact by the lower court, unless
clearly and palpably against the weight of the evidence. should
be accepted as correct.
2. The annexation can not be had under the charter of sixth class
towns unless the addition of the territory will cause no material
injury to the persons owning real estate therein, even though less
than seventy-five per cent. of the freeholders therein have remon-
strated.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

Williamstown is a town of the sixth class, and in May,
1894, passed an ordinance as provided by act of July 1,
1893, being section 3664, Kentucky Statutes, providing for
extending the boundary of the town, by annexing certain
territory described therein.

The appellees being resident freeholders in said proposed
annexed territory, brought the action in the Grant Circuit
Court, remonstrating against the proposed annexation, as
provided by the act of 1893, being section 3665 of Kentucky
Statutes.

There are twenty-two plaintiffs to the action, and they allege that they are resident citizens and owners in possession of land in the territory proposed to be annexed to the town of Williamstown, and that they, with others, do not desire to be annexed, and do remonstrate against said annexation and file a remonstrance, a written article signed by thirty-six persons, who claim to be resident freeholders of the territory, all opposing the annexation.

The reasons assigned by the appellees why they object to annexation are: That to annex the territory will make the town four times as large as its present boundary; that the territory proposed to be annexed is composed largely of unoccupied farming lands; that to annex said farming lands to the town will subject same to taxation for municipal purposes, without corresponding benefits, and that the territory would then be so large as that the town would be unable to properly maintain the necessary internal improvements or furnish police or fire protection, and because more than 75 per cent. of the freeholders of said territory are opposed to said annexation.

To this petition the appellant filed answer, denying all the material allegations of the petition and alleging in reply to the others that the present boundary of Williamstown is too small, and that lots suitable for building business houses can not be found inside the present limits. That the depot is outside of the present limits and therefore, without police protection; that there is a retail liquor house just outside the present limits and within the annexed territory, that derives all the benefits of the town, so far as business location, but escapes paying license to the town to retail liquors,

and being outside of the limits, is not under the surveillance of the police, and further that the parties protesting are mostly engaged in business in the corporation and live outside, and that by reason thereof, claim the personal property, being stocks of merchandise mostly, as not subject to municipal taxation, and probably other matters not necessary to mention.

Of the signers to the remonstrance as originally filed, five came in by affidavit and asked to withdraw their opposition.

On the issues as made, proof was taken by deposition, and the case was tried by the court as provided by the act.

Upon trial, the court found that 75 per cent. or more of the resident freeholders had remonstrated against the proposed annexation, and that the protestors owned at least 90 per cent. of the property in the territory, and that a a very large part of the territory proposed to be annexed is farm lands and wholly unfit for building lots on account of the topography of that territory, and that it would be injurious to the owners of same to annex it and that no benefit would accrue to the parties, and therefore declined to annex said territory.

From that judgment this appeal is prosecuted.

Section 3665 of the Kentucky Statutes, provides . . . . If the court be satisfied, upon hearing that less than 75 per cent. of the freeholders of the territory to be annexed or stricken off have remonstrated, and that the adding or striking off of such territory to the town will be for its interest, and will cause no material injury to the persons owning real estate in said territory sought to be annexed or stricken off,

it shall so find, and said annexation or reduction shall be approved. Either party may appeal to the Court of Appeals. If the court shall be satisfied that 75 per cent. or more of the resident freeholders of the territory sought to be annexed or stricken off have remonstrated, then such annexation or reduction shall not take place, unless the court shall find from the evidence that a failure to annex or strike off will materially retard the prosperity of such town, and of the owners and inhabitants of the territory sought to be annexed or stricken off. In case the court shall so find, the annexation or reduction shall take place, notwithstanding the remonstrance.

By this statute, which is all the law on the subject, it will be observed that the question of whether 75 per cent. of the freeholders remonstrate against the proposed annexation, is a turning point in the scale. If less than 75 per cent. remonstrate, the court in some cases would be authorized to annex, while, if in the same case, 75 or a greater per cent. remonstrate, the court would not be authorized to annex.

We are satisfied from the record that 75 per cent. of the resident freeholders have remonstrated, and that these remonstrating parties own nearly all of the territory proposed to be annexed.

We are of opinion that the proof shows that the present limits of Williamstown are too small, and that it might be proper to annex some territory. We are unable to say from the mere calls of the ordinance as to the proposed territory to be annexed, as to whether this territory would be advantageous or not. Nor do we know the quantity or peculiar location of this territory. Such things can not be ascer-

tained by us without a map of the town and territory, showing connection and location. For this reason we are inclined to give weight to the findings of the trial judge who is acquainted with the surroundings.

However, aside from this, as more than 75 per cent. of the resident freeholders have remonstrated, the statute says the annexation shall not take place, unless the court shall find that a failure to annex will materially retard the prosperity of such town and of the owners and inhabitants of the territory sought to be annexed. This provision is not perfectly clear; we understand it to mean, if 75 per cent. of the resident freeholders object to annexation, that the court should not annex, unless it appear to be for the material good of the town and also of the citizens proposed to be brought in. The annexation in the case at bar would aid the town to the extent of the taxes collected, it would hinder the property owners' prosperity to the same extent, or nearly so.

This farming land would be subject to taxation for municipal purposes, as this court held in City of Frankfort v. Jno. L. Scott, 101 Ky., 615, and we fail to see any returning benefits that it would receive from being in the corporate limits.

The court below, in its judgment, found that a large amount of this farming land could not be used for building lots, and so this must remain farming or grazing lands.

While it may be true that the depot and this liquor house and other property in the territory should properly be annexed to the town, which we do not decide, still we do not feel authorized to add so much territory to the town against the will of so large a part of the inhabitants, without a rea-

sonably clear showing that the want of the territory would materially hurt the town.

We think the judgment of the court below was proper, and the same is affirmed.