## Noel v. Harper, et al.

(Decided June 7, 1916.)

### Appeal from Scott Circuit Court.

1. Judicial Sales—How Conducted—Purchasers.—A sale made under order of court must be conducted under the terms and conditions of the judgment directing the sale; the purchaser at such sale cannot be heard to say he was misled by statements of persons attempting to change the terms of the sale.

2. Judicial Sales—Rents—When Purchaser Not Entitled To.—The purchaser at a judicial sale is not entitled to the rents between

the date of the sale and date of the confirmation of sale, though he is liable for interest on his purchase money for that period.

3.  Judicial Sales—Exceptions to Commissioner's Report.—Good practice requires that exceptions to a commssoner's report of sale should state with particularity the errors or grievances complained of; otherwise, they will not be considered. But, in cases involving the property rights of infants the court will be liberal in the application of this rule, and will consider any question fairly presented by an exception, though it be general in its terms and scope.

4.  Trusts—Appointment of Trustee—Collateral Attack.—The appointment of a trustee by a court of competent jurisdiction cannot be collaterally attacked for an alleged want of notice of the appointment.

5.  Infants—Sale of Land of.—An infant's land can be sold only when, and in the manner, authorized by statute.

6.  Judicial Sales—Title Held by Trustee—Action to Sell.—Where the title to land is held by a trustee for the life of one person with remainder to his children or their descendants, an action for the sale of land and a reinvestment of the proceeds can only be had under the Act of 1882 which is now section 498 of Carroll's Code, edition of 1913; it cannot be sold under section 491 of the Civil Code.

7.  Judicial Sales—Action to Sell Land Held by Trustee.—In an action under section 498 of the Civil Code (Act of 1882) to sell land held by a trustee, all persons having a present or vested interest in the land must be made parties, and it must be averred and proven that the sale would be beneficial to all the parties concerned, and facts showing such benefits must be alleged and proven. If the record fails to show that proof was taken, or that any summons was issued or served upon the defendants, who did not answer, or that an affidavit was filed for the appointment of a guardian ad litem for the infant defendants, the judgment will be reversed and the sale set aside upon the objection of the purchaser.

HAZELRIGG & HAZELRIGG and L. W. MORRIS for appellant.

LLEWELLYN F. SINCLAIR for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—
Reversing.

More than forty years ago John Harper died testate and a resident of Woodford county. He devised certain lands to be held in trust for Wallace W. Harper during his life, with power of disposition in said Wallace, by last will and testament; and, upon his failure to exercise the power of disposition, the property should go to his children, or their descendants. John Harper also left a large personal estate which he devised upon the same terms and conditions, by another clause of his will; Wallace W.

Harper taking a portion of this personal estate under the same terms and conditions that were placed upon the devise of the land above referred to.

In the action of John M. Van Meter, Admr. v. Frank B. Harper and others, filed in the Woodford circuit court for a settlement of the estate of John Harper, Adam W. Harper was appointed trustee of the estate devised in trust by John Harper, deceased, to Wallace W. Harper and his children. Under a judgment of the Woodford circuit court, Adam W. Harper, trustee, invested the personal property which he thus held in a farm of 255 acres, in Scott county, taking the title to himself as trustee, upon the terms and conditions of the original devise under John Harper's will. Adam W. Harper died in 1898, and no trustee was appointed in his place until 1915, as will be hereinafter explained.

On March 9th, 1915, Wallace W. Harper filed this action in the Scott circuit court against his six children, for a sale of the Scott county farm and a re-investment of the proceeds of sale in other realty. Two of the children are adults; the other four are infants under fourteen years of age.

The petition alleges there are no buildings or improvements of any kind on the farm; that the plaintiff is entirely without means; that the farm is badly worn and yields only about $300.00 as an annual rental; and that by reason of the want of a residence, barns and similar improvements, he is unable to live upon the farm with his family, or to care for it. The purpose of the sale is to buy another farm with a residence and other improvements on it suitable for a home for the plaintiff and his family. It is apparent that the income derived from the farm is wholly inadequate, considering its value.

A judgment directing a sale in accordance with the prayer of the petition was entered on January 8th, 1915; and, the land having been appraised at $45.00 per acre, an aggregate valuation of $11,475.00, was sold at public auction on July 19th, 1915, to the appellant, John C. Noel, for $14,761.25.

Noel executed his purchase money notes as of the day of the sale. He excepted to the report of sale on October 6th, 1915, however, because, as he alleged in his exception, he could "get no title in this proceeding." We are advised by the briefs of counsel that this exception was based upon the fact that no trustee had up to that time

been appointed to hold the legal title of the farm in question in place of Adam W. Harper who had died in 1898, and that the legal title did not pass by the sale.

By an order entered October 23rd, 1915, the hearing upon the exception to the report of sale was postponed until the February, 1916, term.

On November 1st, 1915, the plaintiff caused the old case of Van Meter v. Harper to be re-docketed in the Woodford circuit court, and Bessie Lancaster Harper was therein appointed trustee in the place of Adam W. Harper, deceased. Bessie Lancaster Harper qualified as trustee by giving bond, and immediately thereafter, in November, 1915, she filed her intervening petition in this action setting forth her appointment as trustee, adopting and approving all that had been done, and asking that the sale which had been made to Noel be confirmed and the re-investment ordered be made in her name, as the new trustee. Upon the filing of the affidavit required by law, James F. Askew was appointed guardian *ad litem* for the four infant children of Wallace W. Harper upon the cross-petition of Bessie Lancaster Harper. The guardian *ad litem* answered for the four infants.

On July 10th, 1915, Noel, the purchaser, filed an amended exception to the report of sale stating that Wallace W. Harper, the life tenant and plaintiff in this action, had given the assurance when Noel made his bid that the purchaser would have the right to seed the land in small grain in the fall of 1915; and, that because of the defect of parties under the original petition, a confirmation of the sale could not be made at the October term, 1915, and the purchaser was thereby prevented from seeding the land. Noel supported his exception with the affidavits of himself and of several other persons, to the effect that the seeding privilege was a valuable right to the purchaser, and that there was reasonably a difference of $2,000.00 between the value of the farm when sold by the commissioner with the seeding privilege, and the value of the farm without the seeding privilege.

By an order entered February 14th, 1916, the circuit court overruled the purchaser's exceptions, and confirmed the sale. Noel appeals.

1. Disposing of the amended exception first, it is sufficient to say that sales made under orders of court must be conducted under the terms and conditions of the judgment directing the sale, and that the purchaser at

such sale cannot be heard to say that he was misled by statements of persons attempting to change the terms of the sale. Bethel v. Bethel, 6 Bush 65, 99 Am. Dec. 655; Cofer v. Miller, 7 Bush 546.

2. A good deal has been said in the brief for the appellant as to the hardship upon him in having to pay interest upon his purchase money bonds from July 19th, 1915, to February 14th, 1916, when the exceptions were overruled and the sale confirmed, during which time he could not get possession of the farm, and will not get the rents derived therefrom. No exception, however, was taken to the sale upon this ground; and, the record fails to show that appellant made any objection to the continuance of the exceptions to the February, 1916 term of the court for the purpose of perfecting the record by the appointment of a trustee.

Moreover, it is well settled that the purchaser at a judicial sale is not entitled to the rents between the date of sale and date of confirmation of sale, though he is liable for interest on his purchase money for that period. Elliott v. Bush, 3 Ky. L. R. 466; Brown v. Berkley, 3 Ky. L. R. 469; Norris v. Williams, 23 Ky. L. R. 1497, 65 S. W. 439; Taliaferro v. Gay, 78 Ky. 496; Ball v. First National Bank of Covington, 80 Ky. 501; German Bank v. City, 108 Ky. 383; Smith v. Newman, 140 Ky. 80. The amended exception was properly overruled.

3. The original exception, to the effect that the purchaser acquired no title under the proceedings and sale, is broad enough to require a review of the entire proceedings.

Good practice requires that exceptions to a commissioner's report of sale should state with particularity the errors or grievances complained of; otherwise, they will not be considered. But, in cases involving the property rights of infants the court will be liberal in the application of this rule and will consider any question fairly raised by an exception, though it be general in its terms and scope.

Appellant first insists that the appointment of Bessie Lancaster Harper as trustee by the Woodford circuit court was void, because no notice of the redocketing of the case or the purpose to appoint a trustee, was given.

In answer to this objection it is sufficient to say that the appointment of a trustee by a court of competent

jurisdiction cannot be collaterally attacked for an alleged want of notice of the appointment.

It is, however, an elementary legal principle in this jurisdiction that an infant's land can be sold only when, and in the manner, authorized by statute. Hulsewede v. Churchman, 111 Ky. 51; Bullock v. Gudgell, 117 Ky. 288.

Nowhere in the pleadings or in the briefs is there any suggestion as to the statute under which this sale was made. It would seem the action was originally filed under section 491 of the Code, while the supplemental proceeding by Bessie Lancaster Harper seems to invoke the act of 1882, which is now section 498 of Carroll's Code, edition of 1913.

Section 491, supra, reads as follows:

"In an equitable action by the owner of a particular estate of freehold in possession, or by his guardian or committee if he be an infant or of unsound mind, against the owner of the reversion or remainder, though he be an infant or of unsound mind, and against the owner of the particular estate if he be an infant or of unsound mind; or, if the remainder be contingent, against the person, if in being, in whom it would have vested if the contingency had happened before commencement of the action, though he be an infant or of unsound mind, and against the owner of the particular estate if he be an infant or of unsound mind—real property may be sold for investment of the proceeds in other real property."

The act of 1882, section 498, supra, provides, in part:

"That when lands are held in trust by one person for the life of another, with remainder over to a class of persons, or to any person not ascertained or to be ascertained until the death of the person upon whose life such estate for life is made to depend, or with power on the part of such person for whose life such life estate is held by the trustee, to dispose by a last will and testament, or by an instrument in the nature of a last will and testament, it shall be competent for the circuit court or courts of like jurisdiction in the county in which such land or a part thereof is situated, in an action to which all persons having a present or vested interest in such land are parties, to direct the trustee to either sell or mortgage such land; but in all actions it must be averred and proven to the court that such sale or mortgage would be beneficial to all the parties concerned, and facts

showing such benefits must be alleged and proven. Any deed or mortgage executed under authority, or in pursuance of any judgment rendered in any such action, shall be held and construed and have the same effect as if executed by every person having a vested or contingent interest in or ownership of such land, and as if executed by all persons and classes who could take under the limitations or provisions of said deed, or as devisees under the exercise of such power to devise or appoint, and as if every claimant, present or future, under such deed or power, was under no disability whatever. The proceeds of the sales authorized by this section shall be paid into court, and shall be reinvested by the court after first having, by appropriate order, provided for the payment of the costs and taxes, if any, in other property to be conveyed and held subject to the same limitations and trusts as the land sold was held.''

We are of the opinion this is an action which could only have been brought under the act of 1882, *supra,* and should have been brought by the trustee, either for a judicial sale as in Craig v. Wilcox's Exr., 94 Ky. 487, or for the approval of a sale privately made, as in Burge v. Fidelity Trust & Safety Vault Co., 112 Ky. 683. W. W. Harper's interest is not the character of estate contemplated by section 491 of the Code.

This action was brought by Wallace W. Harper claiming to be the life tenant against the possible remaindermen, and not by the trustee who was the title holder. It will scarcely be contended that a beneficiary under a deed of trust can institute a suit under the act of 1882 to sell the trust estate and wholly ignore the trustee who held the title. Yet, that is what was attempted here. The subsequent appointment of Bessie Lancaster Harper as trustee and her approval of the sale to Noel was evidently an attempt to comply with the act of 1882 after the sale had been made. This practice is, however, unauthorized under the decisions of this court. See Brown v. Vancleave, 86 Ky. 381; Meadows v. Goff, 90 Ky. 540; Hulsewede v. Churchman's Extx., 111 Ky. 54; Phillips v. Spalding's Gdn., 31 Ky. L. R. 582, 102 S. W. 1193.

5. Furthermore, the act of 1882 (sec. 498 of the Code) provides that in an action brought under that statute, all persons having a present or vested interest in the land must be parties, and it must be averred and

proven to the court that the sale would be beneficial to all the parties concerned; and the facts showing such benefits must be alleged and proven.

This record fails to show that any proof whatever was taken; and, it also fails to show that a summons was issued or served upon any of the defendants, or that an affidavit was filed preliminary to the appointment of a guardian *ad litem* for the infant defendants, or that a guardian *ad litem* was appointed upon the original petition. It is suggested in the brief for appellee that proof was taken and that it does not appear in the record because of an agreement of counsel not to copy the entire record, but only such portions as were necessary for the court to determine the points raised by the exceptions. There is, however, no such agreement in the record and the clerk certifies that the transcript filed is a true and correct copy of the record and proceedings had in the case. We must try the case upon the record before us; it cannot be supplemented by suggestions in the brief.

On account of the errors mentioned the purchaser should not be required to take the title.

The judgment overruling appellant's exceptions and confirming the sale is reversed, and the action is remanded with instructions to the circuit court to sustain the exceptions and set aside the sale.