## Wilson, Guardian Ad Litem, et al. v. Jackson, et al.

(Decided December 2, 1921.)

### Appeal from Ohio Circuit Court.

1. Judgment—Opening or Vacating.—A judgment ordering a sale of real estate of persons under disability as allowed by the Code divests them of their title to the land and is a final appealable order, which the court may not vacate after the expiration of the term at which it is entered except in the mode provided in sections 344, 519 and 520 and for the causes mentioned in sections 340 and 518 of the Code.

2. Judgment—Setting Judgment Aside—Pleading.—The fact that the causes relied upon for setting aside such a judgment after the expiration of the term were presented by an amended and supplemental pleading in the pending action to which the adverse parties entered their appearances rather than by a new and independent petition, which is a substantial but not a literal compliance with the method prescribed by section 520 of the Code, is not sufficient reason for denying the motion, where the facts alleged come within the provisions of subsection 5 of section 518 of the Code for the protection of persons under disability.

3. Infants—Parties.—Trustees holding the legal title to lands in trust for infants are necessary parties to a suit for sale under the Code, and unless they are made parties thereto an order of sale is at least erroneous if not void where by the will from which title is derived they have a discretionary power to sell. Subsection 8 of section 494 of the Code.

4. Infants—Sale of Infants' Real Estate.—Provisions of will and deed examined and held not to forbid a sale of real estate of joint owners under Code provisions, but whether the provisions of the will preclude a sale for distribution under section 490 of the Code is a question not decided.

JOHN B. WILSON for appellants.

HEAVRIN & MARTIN and BARNES & SMITH for appellees.

Opinion of the Court by Judge Clarke—Reversing.

The appellees, Sallie B. Jackson and her adult children, instituted this action against Hallie T. Jackson and Stonewall Jackson, infant children of Sallie B. Jackson, to sell for partition under section 490 of the Code three tracts of land jointly owned and possessed by the parties. The infant defendants were properly summoned and appellant, J. B. Wilson, having been regularly appointed as their guardian *ad litem,* filed formal answer stating his inability after examination of the case to make defense for them.

The indivisibility of the land and that a sale and division of the proceeds would be advantageous to all parties was established by proof of three witnesses and on the record as it stood, upon submission, a judgment and order of sale was entered at the May term, 1920, of the court. After the expiration of that term of court and on June 7, 1920, which was the first regular rule day thereafter, the guardian *ad litem* filed with the clerk of the court a pleading in the case which is styled "Amended and supplemental answer of guardian *ad litem* of the infant defendants, Hallie T. Jackson and Stonewall Jackson." The prayer of this pleading is that it be filed; that the judgment and order of sale be set aside; that the court construe the will and deeds under which the parties held title to the land and which the guardian *ad litem* contends forbid a sale; and that "the interests of his said wards be protected." This pleading also contained the description of a small tract of land omitted from the petition and judgment which it was alleged was a part of the farm owned jointly by the parties.

At the next ensuing July term of the court this order and judgment was entered in the case:

"The guardian *ad litem,* John B. Wilson, having filed his supplemental report in this action on June 7, 1920, and the action being called for hearing upon his motion to set aside the judgment entered herein, to which motion the plaintiffs object, and the court being sufficiently advised, it is ordered and adjudged by the court that said motion be and it is overruled, to which ruling the guardian *ad litem* excepted, and it further appearing to the court that by mistake or oversight there was left out of said judgment a tract or parcel of land in Ohio county, Ky., bounded as follows."

Then follows a description of the omitted tract, which the master commissioner was directed to sell at the same

time and upon the same terms as the three tracts ordered sold in the former judgment, and it was further adjudged that the interests in the purchase money of the infants in all four tracts of land remain a lien upon the land until they become twenty-one years of age or until their guardians execute bond as required by section 493 of the Code.

The first contention of appellants is that the court erred in refusing to set aside the judgment and order of sale entered at the May term, while for appellees it is contended that that judgment and order of sale is a final order; that with the expiration of that term the power of the court to modify or vacate it expired and that as a consequence the court properly refused to set it aside.

It will be readily conceded that a judgment ordering a sale of real estate of persons under disability as allowed by the Code divests them of their title to the land and is a final appealable order, as was held in Staton v. Byron, 101 S. W. 882, 5 R. 426, and that the court may not vacate such an order after the expiration of the term at which it was entered except in the mode provided by sections 344, 519 and 520 and for the causes mentioned in sections 340 and 518 of the Code. We are of the opinion, however, that the causes stated by appellants come within the express provisions of subsection 5 of section 518 and the amended answer substantially complies with the method prescribed by section 520, as it has been construed in Henry Vogt Machine Co. v. Penn. Iron Works Co., 23 R. 2163, 66 S. W. 734, and Southern National Life Insurance Co. v. Ford's Admr., 151 Ky. 476, 162 S. W. 243. Subsection 5 of section 518 of the Code provides that:

"The court in which a judgment has been rendered shall have power after the expiration of the term to vacate or modify it for erroneous proceedings against a person under disability except coverture, if the condition of such defendant does not appear in the record nor the error in the proceedings."

Section 520 of the Code provides that the proceedings to vacate or modify a judgment on the grounds mentioned in subsection 5 and other subsections of section 518,

"Shall be by petition verified by affidavit setting forth the judgment, the grounds to vacate or modify and the defense to the action if the party applying was defendant."

It was held, however, in the two cases last above referred to that a new and independent action was not

necessary, although that would be the better practice, where a judgment was attacked under subsections 5 and 7 of section 518 of the Civil Code. In both of these cases, as in instant one, the grounds relied upon to sustain the motion to vacate the judgment were presented in a verified pleading, styled an answer filed in the original action and to which the adverse party entered his appearance by objecting. Hence the court should not have overruled the motion to set aside the judgment upon the ground that it was not properly presented if the facts alleged in the amended answer come within the provision of subsection 5, *supra,* enacted for the protection of persons under disability. The facts relied upon and set out therein did not previously appear in the record and the defendants are infants, hence the case comes squarely within the terms of this subsection and the court erred in refusing to vacate the judgment, if erroneous, upon the facts thereby disclosed. Humphrey, &c. v. Holland, &c., 192 Ky. 168.

Plaintiffs filed with their petition three deeds under which it was alleged the parties held title to the three tracts of land described therein. One of these deeds is from the master commissioner of the Ohio circuit court and recites that the land thereby conveyed to plaintiffs and defendants jointly is the share allotted to them in a suit to divide the lands of their deceased grandmother, Elizabeth L. Jackson; but the deed does not mention nor does the record otherwise disclose the fact fully set out in appellants' amended answer that the lands divided in that suit were devised by Elizabeth L. Jackson to these and her other descendants by will, which expressly provides that the undivided one-fourth interest in her entire estate devised to these parties and set apart to them in the previous suit shall be held in trust by her executors until the youngest of them becomes twenty-one years of age; that during this period the executors shall have full control of their share in her estate and pay to the beneficiaries at stated intervals the net income derived therefrom; that the executors by the express terms of the will are given "full power needed and necessary to carry out the provisions of this will, even to the power to sell realty, if in their judgment it is best for them to do so, and leaving it to their judgment how they shall invest the proceeds."

By section 494 of the Code general provisions applicable to all sales of real property belonging to persons under

disability are prescribed, and by subsection 8 thereof it is provided that:

"If a deed or will give to a trustee a discretionary power to sell the property, the court shall not have power to order sale of it without the consent of the trustee."

It is an elementary legal principle in this jurisdiction that an infant's land can be sold only when and in the manner authorized by statute. Noel v. Harper, 170 Ky. 657, 186 S. W. 503. And it is obvious that the executors of the will, who were also made trustees of the property devised to plaintiffs and defendants until the youngest one became twenty-one years of age, being the legal title holders, were necessary parties to this action, and that the court did not have the power to order a sale of this tract of land without their consent. Noel v. Harper, *supra.* They are not parties to this action, and hence the original judgment and order of sale in so far as this tract of land is concerned is at least erroneous, if not void, as is also the latter judgment ordering the sale of the fifteen-acre tract owned by the parties in the same way and upon the same conditions.

The only way in which appellees seek to avoid this conclusion is by the insistence that we must presume that the court in the suit to partition the lands of Elizabeth L. Jackson construed her will and held that these parties took title thereunder to this tract of land free of any trusteeship simply because the master's deed ostensibly conveys the absolute title to them. But even if courts were in the habit of selling infants' lands upon presumptions, the one suggested certainly could not be indulged, in view of the plain provisions of the will and the fact that the court in the case in which the deed of partition was made was simply dividing the lands among joint owners and was not attempting to sell same, and consequently was not called upon to decide whether or not under the will the lands could be sold with or without the consent of the executors, or at all.

It is apparent, therefore, that for this error the judgment must be reversed, but we deem it proper to briefly pass upon two other contentions of appellants raised by this appeal and pressed upon our attention which, if sustained, would finally dispose of the case.

These are, first, that the provisions of the will of Elizabeth L. Jackson under which the one hundred and fifteen acre tracts are jointly owned by the parties to this action forbid a sale of these two tracts of land until the

youngest child of Sallie B. Jackson attains her majority, and second, that certain provisions in the deeds under which the other two tracts are owned by the parties forbid a sale of them during the lifetime of Sallie B. Jackson. We cannot agree with appellants in either of these contentions. The will only forbids a distribution among plaintiffs and defendants of the corpus of the share devised to them but does not prevent a sale for reinvestment under other provisions of the Code than 490 if the trustees consent during the period of the trusteeship, as is clearly shown by the fact that the executors are given express power to do this, but does, we think, render it doubtful if land so held can be sold under section 490 even with the consent of the trustees. We do not think, however, we ought to decide this question until the trustees are made parties or until the question thus presented is decided by the lower court.

The provisions in the deeds under which the parties own the other two tracts sought to be sold by this action are identical except that the grantor in one is Mrs. Elizabeth L. Jackson and John T. Jackson in the other. The provision in the deed from Mrs. Jackson is as follows:

"This deed between Mrs. Elizabeth L. Jackson, widow and executrix of Dr. S. A. Jackson, deceased, of Ohio county, Kentucky, of the first part, and Sally Brown Jackson, wife of H. D. Jackson, and her children by the said H. D. Jackson, so long as the said Sally Brown Jackson remains the wife or widow of the said H. D. Jackson, in the event the said Sally Brown Jackson should become the widow of the said H. D. Jackson and she, Sally Brown Jackson, should marry some one else then the title of the to be described property in this deed is to be exclusively in the children of the said H. D. Jackson and Sally Brown Jackson, all of Ohio county and state of Kentucky, of the second part."

The habendum clause reads:

"To have and to hold the same with all the appurtenances thereon, to the second parties her and their heirs and assigns as set forth in the description of the second parties in this deed, forever with a covenant of 'general warranty.'"

These provisions only define the relative interests of the several parties of the second part in the land conveyed to them, but they do not, either expressly or by implication, forbid a sale of the land as allowed by the Code. Neither is it true that it will be impossible, as appellants

contend, for the court after a sale to make proper distribution of the proceeds among the parties on account of the defeasible interest of Sallie B. Jackson therein, but since a distribution was not attempted or involved as the record then stood in the judgment ordering a sale of these tracts, it is obvious we should not now pass upon the question of how the proceeds should be divided if another sale is ordered.

For the reasons indicated both judgments appealed from are reversed and cause remanded for further proceedings not inconsistent herewith, but without prejudice to any party as to any question not expressly decided herein.