David C. MILLER et al., Appellants,

v.

Albert HALSEY, Appellee.

Court of Appeals of Kentucky.

June 12, 1959.

Rehearing Denied Oct. 30, 1959.

E. L. Miller, Campton, Grannis Bach, Jackson, for appellants.

F. T. Allen, Campton, Redwine & Redwine, Winchester, for appellee.

STANLEY, Commissioner.

The appeal is from a judgment confirming a judicial sale of land. The sale was ordered for distribution of the proceeds among three heirs of Paul Cecil Miller, deceased, one of whom was an infant 16 years of age. The judgment directed the Master Commissioner to sell the property "to the highest and best bidder upon a credit of 6 months for which the purchaser shall be required to execute bond with good security." It directed that the interest of the infant defendant in the purchase money "shall be paid to the guardian of said infant after the said guardian has executed

bond as required by law." The Commissioner advertised the sale on Monday, May 6, 1957, upon terms of "credit 6 months or cash."

On August 8 the Commissioner reported the sale of the property "on a credit *of* cash" [sic] to Albert Halsey for $4,400. The report, which was apparently made up in part on a form, states the purchaser had executed bonds conditioned as the judgment directed.

On August 17 the heirs filed exceptions to the report upon several grounds, including inadequacy of the bid. One of the grounds was that the sale had been made for cash and not on a credit of six months as ordered by the judgment. The purchaser sought to have the sale confirmed, and in his response to the exceptions stated he had paid the sum of $4,400 to the Commissioner and was entitled to receive a deed to the property.

After a hearing of testimony on the issues raised by the exceptions, the court overruled the same and confirmed the sale. However, the execution of a deed to the purchaser was withheld pending disposition of an appeal to this court.

It is shown that the purchaser paid the Master Commissioner $500 on the day of the sale, Monday, and the balance of his bid on Friday following. It is revealed that the Master Commissioner had defaulted and has been convicted of embezzling the purchase money paid him in this and other cases. It is not clear whether discovery of the default was before or after the exceptions were filed.

■ The statute provides that every sale of property made under an order of court shall be upon reasonable credits to be fixed by the court, which shall not be less than six months for real property. KRS 426.700, formerly § 696, Civil Code of Practice. Even had the judgment authorized the sale of the land for cash or on less than six months' credit, it would have been erroneous and reversible on appeal unless it was clearly shown the error was not prejudicial. McKensie v. Salyer, 19 Ky. 1414, 43 S.W. 450; Young v. Fitch, 182 Ky. 29, 206 S.W. 29; Wakenva Coal Company v. Johnson, 234 Ky. 558, 28 S.W. 2d 737; Owens v. Witmer Company, 275 Ky. 439, 121 S.W.2d 966.

■ The Commissioner of the court must conduct a sale according to the terms and conditions of the judgment. If he does not, the sale must be set aside unless it is clear that no rights of an interested party were prejudiced by the deviation. This has been held in many cases, among which are Cofer v. Miller, 7 Bush 545, 70 Ky. 545; Barnett v. Bank of Commerce, 264 Ky. 179, 94 S.W.2d 334; Barnell v. Jacobs, 304 Ky. 374, 200 S.W.2d 940. It was held in Noel v. Harper, 170 Ky. 657, 186 S.W. 503, that a purchaser cannot be heard to say he was misled by statements of persons attempting to change the terms of the sale as prescribed in the judgment. This is so because the decree or order of sale is a public record, and all bidders are charged with notice of the terms and legal effect thereof. 30A Am.Jur., Sales, § 26.

■ Other than on the matter of prejudice, nothing that occurred subsequent to a judicial sale may ordinarily be taken into account in the consideration of exceptions to the report of sale. Cook's Adm'rs. v. Franklin Fire Insurance Co., 224 Ky. 360, 6 S.W.2d 477; Kentucky Utilities Co. v. Steenman, 283 Ky. 317, 141 S.W.2d 265, 268.

The statement that acceptance of the purchase money by the Commissioner was under authority of the court is not sustained by the record.

■ The purchaser pleaded estoppel of the heirs to raise the question of deviation from the terms of the sale as prescribed in the judgment because their attorney knew the purchaser was paying cash for the property and stood by without raising any question of the Commissioner's authority to accept cash. There is a little

disputed evidence on the point. But if such was the fact, the plea is unavailing, for the payment was to an unauthorized person in disregard of the legal rights of the parties. It could not have been ratified thereafter so far as the payment affected the rights of the infant defendant. Herndon v. Lancaster's Adm'rs, 6 Bush 483, 69 Ky. 483.

The Commissioner not having made the sale in accordance with the direction of the judgment, the burden was upon the party seeking to have the sale confirmed to show that the rights of the other parties were not prejudiced. Obviously, the contrary result was shown. The act of the Commissioner in selling the property for cash enabled him to steal the purchase money. We are of opinion that the court should have set aside the sale and ordered another to be made in conformity with the judgment.

Judgment reversed.

BIRD, MOREMEN and STEWART, JJ., dissent.