JUDGE PRYOR
delivered the opinion oe the court.
The appellee filed his petition for the purpose of enforcing a lien held by him as vendor on some real estate sold to the appellant. The tract of land, as described in the deed, contains thirty acres.
*415 The appellant, as a partial defense to the action, pleaded a counter-claim or set-off amounting to $100; also, in the second paragraph of the answer, attempted to plead facts upon which he based his right to have the deed cancele^.
The court below sustained a demurrer to the second paragraph of the answer, and rendered not only a personal judgment for the amount of the lien note, less the sum of $100, the amount of the counter-claim, but directed a sale of the land, or so much as might be necessary to satisfy the judgment.
It is now insisted that the demurrer to the second paragraph of the answer should have been sustained to the petition, as it is nowhere alleged that the appellee was willing and in a condition to make a good title to the land sold.
It is alleged in the petition that the appellee had sold and conveyed the land to the appellant, and the latter, by his counter-claim, is seeking to recover damages by reason of the breach of one of the stipulations contained in the deed. If therefore the petition is defective, the appellant admits the delivery and acceptance of the deed by relying upon the .breach of one of the covenants contained in it as a defense 'to the action.
It is also assigned for error, that there is nothing in the pleadings, report of commissioner, or proof showing that the land sought to be sold can be divided without materially impairing its value. This is based upon the 694th section of the Civil Code, that provides, “Before ordering a sale of real property for the payment of debt the court must be satisfied by the pleadings, by an agreement of parties, by affidavits filed, or by a report of a commissioner, etc., whether or not the property can be divided without materially impairing its value,” etc.
We do not construe this section as requiring an allegation to be made in the pleadings to the effect that the property is *416 divisible or indivisible. If the court is satisfied, from the character of the boundary or the number of acres in the tract, as described in the pleadings, that a division can be had of the land, it is all that is required.
There is no doubt but that a tract of thirty acres of land can be divided, and ordinarily without impairing or lessening its value. Of this fact the court is satisfied from the pleadings; and if such was not the case with the land in question, it was incumbent on the appellant to show that a division would affect its value.
By sub-section 3, of section 694, it is provided, “ If all such liens (meaning liens on real property) be held by the same party, the court may order a sale of enough of the property to pay the debts then due, unless it appears that it is not susceptible of advantageous division, or that for some other reason the sale would cause a sacrifice thereof, or seriously prejudice the interest of the defendants.” In this case it appears that the appellee holds another lien note not due at the rendition of the judgment. Still, he had the right to this judgment of sale, because there was nothing in the case showing that the property was not susceptible of advantageous division, but, on the contrary, the court had the right to adjudge, from the pleadings, that such a division could be made. We are satisfied, however, that a judgment directing a sale of the land for a part only of the lien note was error. If the sale is made under the present judgment, and a judgment is then obtained for the amount contested by the counter-claim, it becomes necessary to make two sales of the thirty-acre tract to satisfy one lien note, and' probably a third sale to satisfy the last note. While the personal judgment was proper, the chancellor should not have ordered a sale of the land until the questions arising on the counter-claim had been determined, unless the appellee had waived his lien on the land to that extent, as many sales to satisfy the same lien must necessarily *417 prejudice the interests of the vendee, and result in a sacrifice of the property.
The judgment of sale is therefore reversed, and cause remanded for further proceedings consistent with this opinion.
The personal judgment was proper.