## Koke's Admr. v. Andrews Steel Company.

(Decided October 3, 1912.)

### Appeal from Campbell Circuit Court.

1. Pleading—Appeal.—An amended petition which the circuit court refused to allow to be filed and is not made part of the record by order of court, or by bill of exceptions, cannot be considered on appeal.

2. Railroads—One Injured in Going Between Cars—Coupling.—One who goes in between cars standing on a railroad track and is thus hurt by an engine coupling to them when those in making the coupling did not know of his presence and had no reason to anticipate it, cannot recover.

3. Witnesses.—Where a witness simply fails to prove a fact the party introducing him can show that the witness has on another occasion so testified to contradict the witness, but not as substantive testimony.

4. Pleading—Evidence.—Proof may not be admitted to sustain a ground of recovery not alleged in the pleadings.

F. J. HANLON, BEN BEIDEWHORN, JR., for appellant.

FRANK V. BENTON, L. J. CRAWFORD and WHITE & SCHINDEL for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

Herbert Koke, a boy about fifteen years old, was killed while in the service of the Andrews Steel Company and this suit was brought to recoved for his death. On the trial of the case the plaintiff offered to file an amended petition. The defendant objected on

the ground that it set up a different ground of recovery from that asserted in the original petition. The circuit court refused to allow the amended petition to be filed. The case was then tried and at the conclusion of the plaintiff's evidence the court instructed the jury peremptorily to find for the defendant and the plaintiff's petition having been dismissed he appeals:

It is insisted that the court erred in refusing to allow the amended petition to be filed but the amended petition is not made a part of the record by an order of the court or by bill of exceptions. It cannot, therefore, be considered on the appeal although copied into the record. (Hortsman v. C. & L. R. R. Co., 18 B. M. 218; Stafford v. Dyer, 19 Rep., 155; Krish v. Ky. Jeans Co., 31 R., 436.)

The facts shown by the plaintiff, on the trial were these:

Herbert Koke was a furnace boy; that is, it was his duty to open the door of the furnace. The Andrews Steel Company had running through its plant two railroad tracks and on these tracks it operated a locomotive. On the opposite side of the tracks from the furnace was a water closet which was used by the employes at the furnace. At the time in question there were seven or eight cars standing on one of these tracks. The tracks were not straight, but curved, and as the engine came up to the cars the engineer could not see around the curve or see the lower end of the cut of cars. The engineer and fireman testified that they came in on the track with the locomotive for the purpose of coupling to the front car. They had with them a switchman, Hargreaves, on the front of the tender. When they got up near the front car Hargreaves got off the engine and at a signal from him they backed the engine up to that car and coupled to it. Hargreaves then walked down by the side of the cars and the engineer waited there for a signal but Hargreaves gave them no signal and a few minutes later a boy came along and told them that young Koke was hurt. Albert Hargreaves testified that the cars standing on the track were uncoupled from each other and when they made the coupling to the first car the other cars bumped apart. The first he saw of Koke he was leaning against an old shanty beside the space between the third and fourth cars groaning and in great agony. He tried to speak but could not. He picked

him up and carried him a short distance where he met Chas. Higginbotham, the yard foreman, who took Koke to the office. The shanty that Koke was leaning against was near the water closet. Higginbotham testified that half an hour before this he had noticed there was a space of about ten feet between the two cars near the water closet and that he did not notice whether the space was still there after Koke was hurt. The injury upon Koke's body consisted of a bruise upon the abdomen in front and on the back just opposite, about as high from the ground, if he was standing straight, as the bumpers on two freight cars. Koke died in a few hours, from his injuries. This is the sum of the testimony.

It is insisted for the plaintiff that Koke was passing from the water closet to his place of work just as the cars bumped together and was caught between the bumpers. There is no evidence that those in charge of the engine did not give the proper signal of the approach of the engine to the cars before they attempted to couple to them and there is no proof of any negligence in making the coupling, unless it may be inferred from the fact that they undertook to couple to the first car without first going down to the other cars and giving notice there that they were about to move them. It is shown in the proof that when the cars were standing on these tracks, the employes in going to the water closet sometimes went under them or over them or between or around them; and it is also shown that the space above referred to between the two cars was made by the hands at the hopper who had moved the car up for the purpose of unloading it and had thus left a space between it and the next car.

Those operating a railroad are not required to send a man along a cut of cars to ascertain if anybody is between them before making a coupling to the cars. Where cars have been left standing and an opening has been left between them for persons to pass through, it is incumbent upon those moving the cars to give timely notice of their intention so to do before backing against the cars and closing up the space. But, that is not this case. No opening had been left between these cars for persons to pass through. The men in charge of the engine did not know that the car at the hopper had been moved and a space left between it and the

next car. They had no reason to anticipate that persons would be about these cars. In Age's Admr. v. L. & N. R. R. Co., 148 Ky., 219, a section foreman went between two cars to speak to another and while standing there was injured by a train backing against the cars for the purpose of making a coupling. It was held that he could not recover as those in charge of the train had no notice of the danger in which he had placed himself. A similar ruling was made in Brackett's Admr. v. L. & N. R. R. Co., 111 S. W., 710. The railroad company is entitled to the use of its tracks and the free use of its cars. Persons who put themselves between cars standing on a side track, without notice to the company of their perilous position cannot hold the company responsible if they are hurt by some movement of the cars; for all must take notice that cars may be moved at any time. L. & N. v. Hocker, 111 Ky., 707; Southern Ry. Co. v. Thomas, 29 R., 79; 23 Amer. & Eng. Enc., 764, and cases cited. The proof is very indefinite as to when or how the unfortunate boy was hurt and the evidence is insufficient to show that his injury was due to the negligence of those operating the train.

The court properly refused to admit evidence to the effect that the train crew was insufficient, this not being alleged in the petition. The sole ground of recovery set up in the petition being negligence in the operation of the train, proof of the insufficiency of the crew was not admissible.

The statements of the deceased, made more than an hour after his injury, were properly excluded as this constituted no part of the res gestae.

Where a witness who is introduced on the trial fails to prove a fact which the plaintiff expects him to prove evidence that the witness had on some other occasion so stated the fact is admissible to contradict the witness but is inadmissible as substantitive evidence of the fact. The plaintiff, therefore, could not show that the deceased had made a statement at the time of his injury by proving that the witness had so testified on another occasion. (Champ v. Commonwealth, 2 Met., 17; Nicholoson v. Rust, 21 R., 645.)

Judgment affirmed.