## Holtman v. Bullock.

(Decided June 20, 1913).

### Appeal from Jefferson Circuit Court (Common Pleas Branch, First Division).

1. Malicious Prosecution—Evidence—Failure of Proof—Peremptory. —Where in an action for malicious prosecution it appears that plaintiff has been prosecuted by defendant on several charges of breach of the peace, and there is nothing in plaintiff's evidence to show that it relates to the prosecution for which damages are sought, there is a failure of proof and a peremptory instruction in favor of the defendant is proper.

2. Appeal—Record—Pleadings.—An amended petition not made a part of the record by order of court or bill of exceptions cannot be considered on appeal.

3. Malicious Prosecution—Evidence—Record of Another Prosecution Not Receivable.—In an action for damages for malicious prosecution, the record of a prosecution different from that for which damages are sought, was properly excluded.

POPHAM, TRUSTY & ROOSE and D. MOXLEY for appellant.

D. R. CASTLEMAN and PRYOR & CASTLEMAN for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, Louise Bullock Holtman, brought this action against defendant, J. R. Bullock, to recover damages for malicious prosecution. At the conclusion of her evidence, the trial court peremptorily instructed the jury to find for the defendant. Plaintiff appeals.

The petition charges that the defendant, on March 24, 1908, without any probable cause, caused plaintiff to be arrested and charged with the crime of breach of the peace, and did swear to an affidavit in the court of Justice O'Connor, a justice of the peace of Jefferson county, a court having jurisdiction of said crime, charging plaintiff with said crime, and did maliciously and without any probable cause, prosecute plaintiff for said offense in said court, and did further, without any cause or probable cause to believe plaintiff guilty of said crime, prosecute said case against her in the Jefferson Circuit Court; that upon the calling of the case in the Jefferson Circuit Court, plaintiff was dismissed. A motion to make the petition more specific was sustained, and thereupon plaintiff filed an amended petition charging that the defendant, by false and fraudulent statements and testimony, procured a judgment of guilty against the plaintiff, and that said judgment was procured by fraud. A second motion to make the petition more specific was sustained. Thereupon she again amended her petition and alleged that the affidavit for her arrest stated that plaintiff, on the 17th day of May, 1907, at Deer Park, in Jefferson County, committed the crime of breach of the peace, and that said crime was committed on the premises owned by the affiant. The amendment further states the facts to which defendant testified at her trial, and alleges that said testimony was false and fraudulent. In addition to a denial of the allegations of the petition, and the various amendments thereto, defendant pleaded the conviction of plaintiff.

On a trial of this action plaintiff was asked: "Were you, about the 24th of August, 1908, charged with any offense by Mr. Bullock, the defendant in this case?" and answered, "Yes, sir, I was." She then went on to detail the circumstances of the trial and the facts con-

nected with the offenses charged, stating that the testimony which defendant gave at the trial was false and fraudulent. Upon the conclusion of her testimony she offered in evidence the record of the proceedings in 'Squire O'Connor's court in the prosecution against her for breach of the peace alleged to have been committed on March 16, 1908, and based on a warrant issued March 24, 1908. The court refused to permit this record to be filed. Thereupon the plaintiff offered an amended petition asking for damages for the prosecution covered by the excluded record. The court declined to permit this amendment to be filed.

We have carefully read plaintiff's evidence. She nowhere refers to the prosecution based on the warrant of March 24, 1908. There is nothing in her testimony to identify either the trial of which she speaks or the breach of the peace in regard to which she testifies as the prosecution or fraudulent conviction for which she seeks damages. It appears that plaintiff was arrested several times at the instance of defendant. The testimony she gives is equally applicable to any one of these prosecutions. Indeed, the fact that she offered the record in another prosecution tends to show that she was speaking of that prosecution instead of the one sued on. That being true, there was an entire failure of proof, and the trial court properly directed a finding in favor of the defendant.

As the amended petition is not made a part of the record, either by order of court or by bill of exceptions, it cannot be considered on appeal. Koke's Admr. v. Andrews Steel Co., 149 Ky., 627; Hortsman v. C. & L. R. R. Co., 18 B. Mon., 218; Beckham v. Slaydon, 107 S. W., 324, 32 Ky. L. R., 1348.

Of course the court did not err in excluding from the consideration of the jury the record of a prosecution different from that for which damages were sought.

Judgment affirmed.