## Dallas v. Gardner.

(Decided February 3, 1925.)

### Appeal from Allen Circuit Court.

1. Mechanics' Liens—All Adverse Lienholders Necessary Parties to Suit.—In an action to enforce a mechanic's lien, lienholder and persons purchasing at sale to enforce his lien which had not then been set aside should have been made parties, in order to avoid a multiplicity of suits and a sacrifice of property.

2. Appeal and Error—Refusal to Permit Filing of Answer Not Reviewable, where Tendered Answer Not in Record.—Denial of motion to file an answer after statutory time has elapsed is not reviewable, where the answer tendered is not in the record on appeal.

3. Judicial Sales—Only Enough Land should be Sold to Satisfy Judgment Debt.—Sale of entire tract of land in suit to enforce mechanic's lien for much more than judgment debt held not authorized by Civil Code of Practice, section 694, where nothing in pleadings, evidence or judgment indicated good reason for not selling less quantity.

FRANCIS R. GOAD for appellant.

W. D. GILLIAM for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Reversing.

This is an appeal from a judgment of the Allen circuit court overruling exceptions to a commissioner's report of sale and confirming the sale. It appears from

the record in this case, including the exceptions to the report of sale, that the land sold herein was sold pursuant to judgment of the chancellor in an action by appellee, H. P. Gardner, as plaintiff, against appellant, L. P. Dallas, as defendant, wherein the appellee, the owner by transfer and assignment of a materialman's claim and lien to the amount of $965.00, sued appellant, Dallas, to recover the amount of his claim and to enforce his lien on the tract of land sold. It appears that prior to the sale herein the same tract of land had been sold under order of the same court in the action of First National Bank, et al. v. Dallas (appellant), et al., and that the latter action was instituted during the pendency of the appeal in the former case. The opinion in the former case is reported in 200 Ky. 826, and that was an appeal from the judgment confirming the sale. The sale in this action was had prior to the decision of the former appeal by this court. W. H. Harris and T. B. Dixon appear to have been the purchasers of the tract of land at the sale in the first action. The First National Bank, of Scottsville, Kentucky, held appellant Dallas' notes for $2,000.00 of the purchase money for the tract of land. The former sale was had to enforce its purchase money lien. At the time the present lawsuit was instituted, it not having been determined whether the former sale would stand or be set aside by this court, in order to have before the court all the parties in interest, the First National Bank, as lienholder, and W. H. Harris and T. B. Dixon, the purchasers at the first sale, should have been parties. If the first sale had been upheld by this court Dixon and Harris would have been the owners of the tract of land under that sale and were necessarily parties in interest. If, as was done, the former sale had been set aside by this court then the First National Bank, as holder of the purchase money lien notes, was a necessary party. None of them were made parties to this action. Appellant Dallas moved the court to consolidate this action with the former action in order that all the liens against the land in question and the respective rights of the parties in interest might be heard and determined in one action. The court overruled that motion. Appellant offered to file his answer in this case after the time provided by the Code for answering in equity actions. The court overruled his motion to file the answer to which exceptions were duly taken, but appellant failed to make his tendered answer a part of the record for the purpose of the ap-

peal. Hence, the action of the court in refusing the tendered answer must be upheld, because in its absence it can not be determined whether or not the trial court abused its discretion in refusing to permit it to be filed. The sale in this case, however, was had after the same property and all of appellant's interest therein had been sold under order of the same court. The appeal from the judgment confirming the sale was still pending before this court. At the time the sale in this action was had no purchaser could bid on the property offered for sale with any assurance that by his purchase he would obtain anything because, if upon the former appeal, the former judgment confirming the former sale should be affirmed, the property being offered for sale as the property of appellant Dallas would in that case turn out to be the property of the purchaser at the former sale. Under those circumstances, it is obvious that a fair sale of the property in question could not be had. No one would be willing to bid the value of the property because of the uncertainty as to whether or not he would obtain anything by his purchase.

By the judgment rendered in this action the chancellor adjudged that appellant Dallas was indebted to appellee Gardner in the sum of $965.00 and that he had a lien on the lands described in the petition to secure its payment. The judgment further recited that appellee was entitled to have his lien enforced and to a sale of the property, or enough of same to pay his debt, interest and cost. The judgment then directed the commissioner to sell the property for that purpose. There was no allegation in the petition and no evidence in any form that the real estate on which the lien had attached could not be divided without materially impairing its value, and by the judgment the chancellor adjudged a sale of only enough of the property to satisfy the debt, interest and cost. The debt was only $965.00. Under that judgment the commissioner sold the entire tract, it appearing to have brought when sold $3,300.00. Section 694 of the Code has been given a very liberal construction by this court; but nothing in the pleadings, proof or judgment authorized a sale in this case of more than enough of the land to satisfy appellee's debt, interest and cost. (See Burk's Admr. v. Lane Lumber Co., 89 S. W. 686; Sears v. Henry, 13 Bush 413).

For the reasons indicated, the judgment herein is reversed, and upon a return of the case it will be con-

solidated with that of First National Bank against Dallas, *supra;* and, in view of the fact that appellant's answer was tendered at the appearance term, if it presents a defense to the cause of action set up in the petition, to the end that justice may be done the parties, he will be permitted to file same herein.