# Neeley v. Guthrie.

(Decided November 14, 1930.)

C. R. HICKS for appellant.

TANNER OTTLEY and B. L. SIMPSON for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, Neeley, brought this action against the appellee, Guthrie, to recover damages for trespass to a tract of about 17 acres of land of which he claimed to be the owner. Guthrie filed an answer and counterclaim. His answer was a traverse and his counterclaim was an affirmative plea of ownership and a plea of estoppel. He asked that his title be quieted. The case was transferred to the equity docket, and on submission the chancellor granted the relief sought by the defendant and dismissed the plaintiff's petition.

The land in controversy was owned at one time by appellant's grandfather, J. H. Neeley, who owned a large body of land in Cumberland county of which this was a part. A part of the land owned by J. H. Neeley was known as the Newby survey and patent and was patented in 1850. Adjoining the Newby tract on the south, J. H. Neeley owned a body of land, referred to in this record as the Richard Clark land, consisting of several tracts that had been patented prior to 1850.

J. H. Neeley died testate and by his will devised the tract of land known as the Newby survey to his wife for life and at her death to his son, William R. Neeley, who was the father of the appellant. William R. Neeley died testate. He devised the Newby survey to his son, the appellant. J. H. Neeley devised the tract of land known

as the Richard Clark land to his son, John J. Neeley, for life and at his death to Isabelle Brown, daughter of John J. Neeley. After the death of John J. Neeley and his daughter, Isabelle Brown, the children and heirs at law of the latter brought an action in the Cumberland circuit court to sell the tract of land known as the Richard Clark land and for a settlement of the estate of Isabelle Brown. A survey of the land was ordered and the master commissioner was directed to sell it. The appellee, Virgil Guthrie, purchased the land at the judicial sale, and after the sale had been confirmed he took possession and soon thereafter entered upon the land in controversy and cut and removed therefrom a small amount of timber. This suit followed.

Appellee's claim of ownership was rested both on paper title and adverse possession. His proof as to adverse possession was not sufficient to sustain his claim of ownership on that ground. Acts which he claimsd amounted to adverse possession consisted of the cutting and removal of small amounts of timber at infrequent intervals by himself and his predecessors, but it is well settled that such sporadic acts are not sufficient to constitute adverse possession. Asher v. Gibson, 198 Ky. 285, 248 S. W. 862.

Appellant employed a surveyor to run the lines of the old Newby patent, and this surveyor testified that the Newby patent included the land in dispute. Granting this to be true, however, the Richard Clark patent is older than the Newby patent and, if it includes the land in dispute, appellee's paper title is superior to that of appellant. The land is uninclosed and appellant does not claim it by adverse possession. The surveyor who made the survey of the Richard Clark land, by order of the court in the proceeding filed by the children and heirs at law of Isabelle Brown, died before this case was tried, but a number of witnesses testified that the calls of the Richard Clark patent included the land here in controversy. It does not appear upon what ground the chancellor adjudged appellee to be the owner of the land, but, if his judgment had been based on the ground that the land was a part of the Richard Clark patent, we would be compelled under familiar law, to affirm the judgment since the mind is left in doubt on this question.

However, we think there was sufficient evidence to sustain the judgment on the ground of estoppel. When

the Richard Clark land, then owned by the children and heirs at law of Isabelle Brown, was being surveyed by an order of the court, appellant, J. R. Neeley, was present, as was also the appellee, Guthrie. Neeley claims that he was not present during all the time the line between his land and the Richard Clark land was being run, but a number of witnesses testified that he was present during all the time and made no claim that the line was being run on his land. He was present a few days later at the courthouse when the land was sold to Guthrie by the master commissioner and made no statement that he was claiming any portion of the land which had been surveyed and was then being sold. While a landowner is not required to seek out and ascertain whether others are wrongfully entering into negotiations for his land, yet, where he does have knowledge of such negotiations, the circumstances may be such as require him to speak. Here the appellant remained silent under circumstances calling for a statement on his part. The overwhelming weight of the evidence shows that he was present when the line was run between his land and the land of the Isabelle Brown heirs, and that the appellee, who subsequently became the purchaser of the Brown land, referred to in the record as the Richard Clark land, was also present; that appellant failed, both then and at the sale subsequently held at which he was present, to make any statement which tended to indicate that he claimed any of the land that was being surveyed and sold. Appellee having purchased the land under these circumstances, appellant is estopped from now claiming it. Mullins v. Robinson, 210 Ky. 461, 276 S. W. 156.

Judgment is affirmed.