## Barnett v. Bank of Commerce et al.

(Decided May 8, 1936.)

180

E. C. HYDEN for appellant.

O. H. POLLARD for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Reversing.

We had before us in 1934 the appeal of the Bank of Commerce v. Howard et al., in which this court decided adversely to the claim of appellees therein. The bank had sued Eliza and L. D. Howard on a note for $11,850, payment of which was secured by a mortgage on certain Breathitt county lands. The Howards sought a cancellation of the note because of alleged fraud, and also charged that the note was loaded with a large amount of usury. This court held that the lower court had ruled erroneously on the charge of fraud and sent it back with directions to try out the question of usury. Bank of Commerce v. Howard, 257 Ky. 395, 78 S. W. (2d) 36.

On March 11, 1935, appellee (appellant in the former appeal) filed the mandate of this court and on the 15th day of June, 1935, the cause was submitted, the court adjudging that the bank should recover of the Howards the sum of $6,398.99 with interest, directing sale of the land which was in lien, as described in the petition.

The property, described as four tracts, was appraised at $9,000, and on August 13, 1935, the commissioner reported that he had sold tract No. 4 to Tribue Howard for $1,675, and he was given further time to execute a purchase bond; that he then offered tracts Nos. 1 and 2 (which really compose one tract), and Dorcas Barnett purchased same for $1,700. The commissioner then offered tract No. 3, and Mary Combs bid $4,500 and Dorcas Barnett bid $5,000, but thereafter refused to execute bond and Mary Combs, being the next highest bidder was permitted to execute bond as purchaser.

Dorcas Barnett filed exceptions to the commissioner's report. Her exceptions go to so much only of the report as relates to tract No. 3. She sets out in her exceptions that in January, 1931, Eliza and L. D. Howard by general warranty deed sold and conveyed to her the land described as tract No. 3, subject to the mortgage of the Bank of Commerce; that the commissioner properly sold tracts Nos. 1, 2, and 4, which were embraced in the mortgage, before tract No. 3 was offered. She says that since tract No. 4 was sold for $1,670, and tracts Nos. 1 and 2 for $1,700, there remained only $3,216.84 to be raised to pay the plaintiff's debt ($6,398.84), interest, and court costs ($187.85), a total of $6,586.84, the commissioner had no right to offer her property (tract No. 3) for more than $3,216.84, or, stated differently, he had no right to offer more of tract No. 3 for sale than would realize that sum.

She further says that when the tract of land was offered for sale she bid thereon the remainder of said judgment, interest, and costs, but that Mary Combs stepped in and ran the bidding up to $4,600, whereupon she raised the bid to $5,000, which was $1,776.16 more than necessary to meet "said judgment." She says the commissioner did not call for bids for the balance of said judgment, nor for bids on any less than the whole number of acres, hence neither she nor any one else was given the opportunity to bid the balance of the judgment, interest, and costs, nor to buy any portion less than the whole of the tract: that if such procedure had been followed, she would have bid the remainder of the judgment, interest, and costs for a less portion; and that thereby a portion of her land would

have been unsold, it being alleged that the tract contains 300 acres and is susceptible of division.

Exceptor says that after the sale she appeared before the commissioner and offered to execute bond for the remainder of said judgment, which we take to mean that she offered to execute bond for about $3,-216.84, but the commissioner refused to accept any bond for less than her bid of $5,000; further, that from the date of sale until on or about August 14, 1935, she was ready, able, and willing to execute bond with good and solvent surety for the amount which she had offered, but that the officer at all times refused, and finally accepted the bond of Mary Combs on her bid of $4,600, without right or authority.

She insisted that she was and is ready, able, and willing to execute valid bond for the remainder of the judgment for the tract sold, and she asks that so much of the report as related to the sale of No. 3 be set aside and the tract or a quantity necessary be as provided resold for only the remainder of the debt. It appears from the record that on August 10, 1935, appellant had tendered in the Breathitt circuit court her petition to be made a party, also counterclaim and cross-petition, in which she alleged substantially, if not in the same words, what was later included in her exceptions. Objections were made to the filing of the pleading by appellant, and on August 16, 1935, the objection was sustained with exception. Demurrer was filed to appellant's exceptions, which the court sustained, overruled the exceptions, and confirmed the commissioner's report.

Appellant filed with her exceptions, as a part thereof, a copy of a deed executed by Eliza and L. D. Howard to her on January 30, 1931, conveying the tract of land described as No. 3 in the petition, order, and report of sale for $1 cash in hand and other consideration.

It is argued for appellant that the court erred in ruling, as stated above, because at appropriate time she manifested her rights by filing her pleading and exceptions; that such filing made her a party in interest to the extent that she could rightfully except; that the commissioner made an illegal sale in that he did not follow the judgment entered by the court; and that he had

neither power nor authority, upon her failure to execute bond, to report the next highest bidder and accept her bond.

Counsel for appellee strenuously contends that a person who refuses to execute bond at a commissioner's sale has no rights; is a stranger to the record, hence cannot be heard by way of exceptions, and insists that appellant, because she did not divulge her claim of ownership of the land until after the sale, but stood by and actually participated in the sale to the extent of purchasing one tract and bidding on another, is now estopped from asserting her rights by excepting to the report of sale.

The chief question presented here is as to whether or not the appellant by her own actions, or rather her failure to act at what appellee conceives to have been the proper time, constitutes an estoppel against her right to assert her claim.

Upon looking to the judgment of the court, we find that the master commissioner was by order directed to sell the several tracts of land described or "so much thereof as may be necessary to satisfy this judgment, interest and costs," and it was so announced in his notice of sale wherein he also stated that the amount to be realized to meet the judgment, interest, and costs was $6,584.84. The appellant had the right to believe that the commissioner would comply with the court's order, and that he would sell the land as he had notified the public it would be sold. Section 694 of the Civil Code of Practice provides that if all liens be held by one party, the court may order a sale of enough of the property to pay the debts then due, unless it be made to appear that the land is not susceptible of advantageous division. The court recited in the judgment that there were no other liens due.

This court has held in a number of cases where the question was raised by proper exception that it was the duty of the commissioner to comply with the court's directions embraced in the judgment. See Sears v. Henry, 13 Bush, 413, Burk's Adm'r v. Lane Lumber Co., 89 S. W. 686, 28 Ky. Law Rep. 545, and the more recent case of Dallas v. Gardner, 207 Ky. 93, 268 S. W. 847, in which we pointed out that while the court had given a very liberal construction to section 694 of the

Civil Code of Practice, held a sale void b e c a u s e the commissioner had not followed the order of the court directing a sale of only so much of the property as was necessary to pay the judgment debt. In that case there was no allegation that the real estate on which the lien existed could not be divided without materially impairing its value, the court observing that nothing in the pleadings, proof, or judgment authorized a sale of more than enough of the land to satisfy the debt, interest, and cost. The same reasons for holding the sale void in the case cited would apply here, to the extent at this point of concluding that the sale by the master commissioner was irregular.

Again without expressly holding that the action of the commissioner in reporting the sale of tract No. 3 to Mary Combs on her bid of $4,600 was void, we do conclude that his undertaking to exercise, what appears to be in this case, a judicial function, was irregular. As recited above, after appellant had refused to execute purchase bond for an amount in excess of the balance necessary to meet the judgment creditor's debt, and costs of the proceeding, he held up his report (although court was in session) for a considerable time, perhaps waiting for appellant to change her mind, and then reported that he had taken purchase bond from Mary Combs.

As we view the proceedings, the commissioner should have reported that Dorcas Barnett was the highest bidder at the sale, but was refusing to execute bond (giving her reasons for refusal), whereupon the court had the power to issue and should have issued a rule to require execution, and thus the matter could have been speedily determined. Authority for this sort of proceeding may be found in Brashears v. Holliday, 99 S. W. 951, 30 Ky. Law Rep. 913, though as therein pointed out, in case a bidder is known to be insolvent, or totally unable to execute bond, the commissioner may resell and report the matter to the court. Blakeley's Am'r v. Hughes, 140 Ky. 175, 130 S. W. 1067. However, we need not discuss these features further, for the simple reason that appellant relies on his argument that Dorcas Barnett, because she stood by and participated in the sale without divulging to the commissioner her interest in the property, is now estopped to question the regularity of the sale or to take any

steps to assert her rights. In other words, counsel stands squarely on the assertion that Mrs. Barnett had no right to file exceptions to the sale.

It is apparent that the sale was irregular in the respects above mentioned, so as indicated, the ultimate question is, did she have a right to file exceptions? If she did, she became a proper party to the suit upon filing her exceptions. The answer depends on the question as to whether or not she had rights to be protected. She manifested her supposed rights as exemplified in both her pleading and the exceptions. She asserted that she was the holder of a deed to tract No. 3, subject to the mortgage of the Bank of Commerce. On the face of the deed filed as an exhibit, it seems to be regular in form and substance. She was not permitted to file her pleading over the objection of "plaintiff," so the record discloses. The interested party or parties were satisfied to stand on a demurrer to Mrs. Barnett's exceptions, thus admitting the verity thereof. While in the brief for appellee it is doubted that "she in reality ever had any valid claim," nothing is shown by pleading, proof, or otherwise which would justify this court in questioning the validity of her deed.

Appellee quotes from 21 C. J. sec. 155, p. 1152, and cites cases from this jurisdiction upholding the text, which is as follows:

> "An owner of property who stands by and sees a third person selling or mortgaging it without asserting his own title or giving the purchaser notice thereof is estopped from asserting title. * * * Especially is the rule applicable when the party against whom the estoppel is claimed, in addition to standing by, took part in making the sale."

In support of the text quoted, counsel cites two Kentucky cases, Wells v. Derrickson, 184 Ky. 384, 211 S. W. 773; Neeley v. Guthrie, 236 Ky. 81, 32 S. W. (2d) 567, and might have cited cases from other jurisdictions sustaining the text. However, in those cases it appears that in each instance the purchaser, or perhaps the successful bidder, was a third party. We therefore seek no quarrel with the principles laid down therein. But the same situation does not exist here, for the very simple reason that the property was not

bid in by a third party, but by Dorcas Barnett herself. She was the highest bidder. She offered the bid of $5,000, and the property was knocked down to her. That she fully intended to be the successful bidder might be inferred from the fact that she advanced the Mary Combs' bid of $4,600 to $5,000, a raise at one bid of $400, a procedure rather unusual in such sales.

Mrs. Barnett had the right to assume that the commissioner would follow the explicit directions of the court, and adhere to the announcement that he would sell only so much of the real estate as would satisfy the creditors' claim. She had the right to believe that the commissioner would take bond according to her terms, or that he would correctly report the matter to the court, and it is apparent that she asserted her rights at the first opportunity. She did this before the commissioner reported to the court that in his judgment Mrs. Combs was the highest and best bidder, and having later by exceptions fully presented her contention and her rights, she became a party in interest and not "a stranger to the record" as counsel claims. She was an interested party for the reason that she had what was to all appearances a valid deed to the property, and the report showed that her bid was the highest. On her showing of interest and irregularity of sale, she had the right to object to the confirmation. 35 C. J. sec. 64, p. 45; Swafford v. Howard, 50 S. W. 43, 20 Ky. Law Rep. 1793; Spratt v. Allen, 50 S. W. 234, 20 Ky. Law Rep. 1824.

The court below erred in overruling exceptions filed by appellant in the absence of showing that she did not in fact have an interest in the property sold. This could have been accomplished in a summary manner. Parties are not required to plead to an issue upon the exceptions. When exceptions are filed raising a question as to the regularity of a sale where a person's rights are shown to be involved, such evidence as bears upon the question may be introduced, and upon the evidence the court may not only d e t e r m i n e the sufficiency of the exceptions, but the rights of the parties to object and except or to insist upon confirmation. Smiley v. United States B. & L. Ass'n's Assignee, 62 S. W. 853, 23 Ky. Law Rep. 250; Will v. City of Louisville, 176 Ky. 450, 195 S. W. 822. Here the

objector to the exceptions appears to be plaintiff (appellant). Mrs. Combs does not appear to have objected. The debtors do not complain, which fact lends some credence to Mrs. Barnett's claim.

Upon the whole case, we see no harm that can arise, save delay as suggested, by sustaining the exceptions, which should be done upon a return of this case with directions that the court direct the commissioner to permit Mrs. Barnett to execute bond for the amount necessary to pay the debt of appellant, with interest and costs, or in case of her failure so to do within a reasonable time, the court should direct a re-sale.

Judgment reversed.