## Owens v. Witmer Co. et al.

(Decided Nov. 18, 1938.)

440

HIRAM H. OWENS for appellant.

TYE, SILER, GILLIS & SILER for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Reversing.

Appellant was purchaser at a decretal sale of an interest in certain lands sold to satisfy a debt of a bank against appellees Mat and Bessie Mills, who with others were defendants in an action brought to enforce collection, as we gather from an incomplete record. The Witmer Company, appellee, which became party to the action below, was mineral leaseholder on the land in controversy. This appeal was considered with Mills v. Mills, supra, this day decided.

We have none of the pleadings in the case of the Bank and Witmer Company, Assignee, v. Mat and Bessie Mills, or Bessie Mills v. the Bank, &c., on cross-petition.

We do have a judgment entered in the Knox circuit court on April 12, 1932, in the consolidated cases above mentioned. In that judgment it is recited that on September 22, 1928, Bessie Mills filed suit in equity against the First National Bank, A. Y. Mills, Mat Mills and Harrison Jackson, seeking to enjoin the bank from proceeding with the sale of land levied on, under execution issued in favor of the bank, for the sum of $567 with interest and costs, as being the land of defendants Mat and A. Y. Mills. We learn from the incomplete record that the Bank had recovered judgment against Mat and A Y. Mills, and execution had issued on said judgment.

On June 5, 1929, the bank instituted a suit in equity against plaintiff Bessie Mills and defendants A. Y. Mills and others, for disclosure, and to have the property levied on, subjected to satisfaction of its judgment.

As to an alleged prior transfer of title from Mat to Bessie Mills, the court finding "earmarks of fraud,"

and lack of consideration, refused to uphold the conveyance and discharged a restraining order which was found to have been wrongfully issued. The land levied on under the execution was adjudged to be the property of Mat Mills, hence subject to the execution.

It was further adjudged that the bank, by reason of the execution and its levy, had obtained a lien for its $567 debt, interest, costs, etc., and that the land, or a sufficiency thereof be sold to satisfy the bank's debt, and ordered sale. To all of said judgment "the defendants, A. Y. and Mat Mills, and plaintiff, Bessie Mills, excepted."

There was no sale in the meantime, and on February 13, 1933, the First National Bank assigned the judgment and lien to the Witmer Company. There was then set out the judgment of the Knox circuit court a judgment of September 13, 1934, in the case of A. Y. and Nancy Mills v. Mat and Sawyer Mills, in which it had been held that Mat and Sawyer Mills owned one-fourth undivided interest jointly in the tract of land involved, because of their payment of the purchase price to Butler and others. See Mills v. Mills, supra.

The deed dated November 6, 1924, from Butler and others to Mat and Sawyer Mills (in part), is in this record. How it got in, and whether it was filed in the consolidated suits is not shown. This deed vested the title to the tract in Mat and Sawyer Mills.

The Witmer Company (assignee), after notice to all parties, moved the court (February 24, 1934) to set aside the bond executed in the case of Bank v. Mills, whereby the judgment was replevined, and moved the court for an order directing the commissioner to sell the land. The court sustained the motion, redocketed the case, and set aside the bond.

It was then adjudged that the Witmer Company was entitled to enforce the assigned lien and order of sale was postponed by agreement of parties. Thereafter, on July 16, 1937, the Witmer Company moved the court to order sale, and on the same day the court ordered a sale to satisfy the lien of the Witmer Company's assigned judgment in the sum of $837.16, interests and costs, and directing the sale of the entire tract. This, and a subsequent order, were not carried into effect, and on December 24, 1937, the court entered another order substantially in effect as the prior order.

The report of sale, February 28, 1938, showed the sale to have been made on January 3, 1938. The property as described (apparently the entire tract) was appraised at $3,000. Sale was made on a credit of six months, and appellant was the successful bidder at the sum of $1,051. "The quantity sold was one-half the following boundary," apparently the Mat and Sawyer Mills' boundary.

On January 6, 1938, appellant executed bond for the purchase price, but on March 1, 1938, filed exceptions to the sale and report of sale, setting up as grounds therefor: "1. The sale shows that the entire property was sold and the entire property was sold. The judgment covered only one-half of the property described in the advertisement and sold."

Appellant secondly excepted on the ground that there was a judgment of the Knox circuit court, entered subsequent to the judgment under which this property was sold, by which the title of Mat Mills in the property was adjudged to be an undivided one-fourth interest held by himself and Sawyer Mills, with life estate, in the other three-fourths, with remainder in the heirs of A. Y. and Nancy Mills, as such rights exist at the death of Mat and Sawyer Mills. Mills v. Mills, 261 Ky. 190, 87 S. W. (2d) 389. So it is claimed that the sale of the entire tract is erroneous and void, since the court under said judgment against Mat Mills and wife could only sell *their interest*.

Appellant with his exceptions filed a statement "in order that the facts may be before the court for consideration." He stated that he was attorney for the Bank in the Bessie Mills contest, and in the suit against A. Y. and Mat Mills, and was entirely familiar with the judgment rendered and levy of execution, and knew that the only interest which could be sold was that of Mat and A. Y. Mills, since the deed from Mat Mills to his wife Bessie had been cancelled. He knew that Sawyer, who was joint owner with Mat of the boundary of land levied on, was not a judgment debtor, and not on the note to the Bank for whose benefit, or the benefit of its assignees, the land was sold. That the advertising of all of said land was a mistake.

Furthermore the purchaser (appellant) appeared at the sale and announced that the commissioner could only sell the one-half undivided interest of Mat, and he

knew he was under the judgment bidding only on the one-half undivided interest of Mat, A. Y. and Bessie Mills, and not on the interest of Sawyer Mills. His bid was more than two-thirds of the appraised value of the one-half interest, since the entire tract had been appraised at $3,000, and appellant advised the commissioner to report the sale of only one-half undivided interest.

The main question is as to the title which the master commissioner can convey on account of the subsequent judgment. The court overruled the exceptions of appellant, holding that the purchaser would take a good and perfect title to the undivided one-half interest in the said boundary of land sold by the commissioner.

From reading the briefs it appears that the Witmer Company is materially interested in having the report of sale confirmed in all respects. They argue that appellant "probably knew more about the condition of the title than any one living person," since he had abstracted the title; was attorney for A. Y. and Nancy Mills in the suit by them seeking to cancel the deed, and was attorney for some of the Mills in the bank cases.

Argument of appellee is that the doctrine of caveat emptor applies to judicial sales, and as a general rule this is true, after confirmation of report of sale, and certainly after title has passed. But the doctrine is not generally applicable where the question of title is raised before confirmation. Counsel for appellee cites in support of his contention Taylor v. City of La Grange, 262 Ky. 383, 90 S. W. (2d) 357; City of Middlesboro v. Coal & Iron Bank, 110 S. W. 355, 33 Ky. Law Rep. 469; McKnight v. Johnson, 236 Ky. 763, 34 S. W. (2d) 239.

The Taylor Case, as is shown, was a suit by the city to collect taxes against the property existing at the time of confirmation of the sale, and consequent deed conveying title. In the Middlesboro Case, which was also a tax case, the question of title was raised after confirmation of sale.

In the McKnight Case we held [page 240]:

"Though the doctrine of caveat emptor applies to judicial sales, all that this means is that there is no warranty of title, and, though a purchaser of land at a judicial sale who discovers before confirmation of the sale that the title is defective, or that there is

no title to be conveyed to him, may except to the report of sale, and be excused from the payment of the purchase money, he is without relief after confirmation, unless the owner of the land induces the purchase by an express warranty or by representations as to the title. Farmers' Bank of Kentucky v. Peter, 13 Bush, [591] 594; Beale v. Stroud et al., 191 Ky. 755, 231 S. W. 522.''

In Cooper v. Hill, 6 Ky. Law Rep. 742, and Beavers v. Nelson, 152 Ky. 319, 153 S. W. 428, we held that while the doctrine applied to judicial sales, the purchaser is merely a bidder for the property until his bid is accepted by the chancellor and sale is confirmed, and the court will not compel him to take the property if the title is defective, the bidder not being required to ascertain defects in the title until after making his bid. See Whalen v. Hopper's Guardian, 152 Ky. 727, 154 S. W. 40.

Appellant insisted, and still insists, that he is entitled to the one-half of the boundary as sold at decretal sale. After he had become the bidder he expressed a doubt as to the title he might obtain, and raised the objection before confirmation, so that he and other parties in interest, might know just what title passed under the sale and our opinion in the former Mills Case, and the one immediately supra, determines that question.

Another point made is that the sale was void because the entire tract was sold, whereas there was in lien only the interest of Mat and Bessie Mills. The sale, to say the least, was irregular in many respects. There is no copy of the execution issued. Whether it was levied on the entire tract or Mat's alleged one-half interest therein, or yet on his real interest, is not developed. It is stated in the orders that the land levied on is the property of Mat Mills, and it was declared to be in lien. The court adjudged ''that said land or a sufficiency thereof be sold to satisfy plaintiffs' debt, after the assignment to Witmer.'' In the second order of sale, the sale was to be made of the entire tract, ''in order to produce the sum of $837.16.'' This order was not carried into effect, and a third order was entered directing a sale of the entire tract ''to produce'' the sum of Witmer Company's debt. The property to be sold was referred to as being the same described in previous orders. Still another order directs the sale of the entire tract,

which shall be sold to produce the amount of the debt, and "only so much of the land shall be sold as is necessary to produce the above sum."

Notwithstanding this direction, the commissioner reported that he had the tract appraised and advertised for sale. He exposed the property and it was sold. The quantity sold was "one-half the following boundary" (describing the whole tract).

From a reading of the record, all the orders of sale were made, with the exception of the first, long after the Knox circuit court's judgment in the case of Mills v. Mills, and long after this court, in 1935, had affirmed that judgment establishing the interest of Mat Mills in the boundary of land. Whether plead in the Bank and companion cases, we have no means of knowing. These facts were known to attorneys, and we are of the opinion that the chancellor might have taken judicial knowledge of the judgment of his own court, and of a decision of this court.

Aside from our conclusion that appellant made such a showing as would entitle him to relief, we are of the opinion that there was such irregularity in the sale as made and reported by the commissioner, that same should be set aside and another sale ordered. Sears v. Henry, 13 Bush 413; Burks' Adm'r v. Lane Lumber Company, 89 S. W. 686, 28 Ky. Law Rep. 545; Dallas v. Gardner, 207 Ky. 93, 268 S. W. 847; Barnett v. Bank of Commerce, 264 Ky. 179, 94 S. W. (2d) 334.

There seems to be no good reason why the sale should not be ordered, conducted and reported in such manner as to give good title to a purchaser of the real interest of the judgment debtor. Judgment overruling appellant's exceptions to the report of sale is reversed, with directions to sustain same, and for further proceedings consistent herewith.