## Spurlin et al. v. Spurlin et al.

March 28, 1941.

Newton Belcher for appellants.

T. O. Jones for appellee Clarence Spurlin.

Sam T. Jarvis for appellee J. L. Spurlin.

OPINION OF THE COURT BY JUDGE FULTON—Dismissing appeal.

This appeal is from a judgment rendered at a time when the appellants, defendants below, had tendered

and offered to file an answer and when the motion to file the answer had not been ruled on. Appellants moved to set aside the judgment and this motion was passed to a succeeding term of court. When the motion to file the answer and the motion to set aside the judgment were overruled at the succeeding term, the appellants were compelled to obtain an appeal in this court since the judgment did not grant an appeal.

On this appeal, granted by this court, summons was issued and executed on only one of the two appellees. The appellants filed a partial schedule in the circuit clerk's office and the clerk certifies that the transcript is a true and correct copy of all proceedings, orders and judgments as specified in the schedule. No notice of the filing of the partial schedule was given to appellees who have moved to dismiss the appeal because of the failure to give such notice.

As to appeals granted by this court, Section 737 of the Civil Code of Practice provides that if the appellant chooses to file a transcript of a part only of the record he shall file in the office of the clerk of the inferior court his partial schedule and cause notice of the filing thereof to be served on the appellees in the same manner as a summons. The purpose of the notice to the appellee is to give him an opportunity to order copied such other parts of the record as he may think necessary to a proper determination of the case.

We have held many times that where notice of the filing of a partial schedule is not given, when the appeal is granted by this court, the appeal will be dismissed unless the court can see for itself that the omitted parts of the record have no bearing on the issues involved on the attempted appeal. See Jesse v. Haney, 275 Ky. 699, 122 S. W. (2d) 490, and cases therein cited. And in Ward v. Vanhoose, 222 Ky. 135, 300 S. W. 337, 338, where no notice was given of the filing of a partial schedule on an appeal granted by this court, it was said that "it must be presumed that the other parts of the record, which are not copied, sustain the judgment of the circuit court."

Here it is claimed by appellees in their brief that an uncontroverted response filed by them to the motion in the lower court to set aside the judgment fully justified the court in its refusal to set it aside. This response

does not, of course, appear in the record, but in accord with the decision in Ward v. Vanhoose, supra, we must presume that other parts of the record, not copied, sustain the action of the trial court in refusing to set aside the judgment. This being true, we find no recourse except to dismiss the appeal.

We may add that if the appeal were not dismissed we would be inhibited from considering the tendered answer in determining whether the judgment should have been set aside since, upon the refusal to permit the answer to be filed, it was not made a part of the record either by order or by a bill of exceptions. The trial court's action in refusing to permit a pleading to be filed cannot be considered on appeal unless the tendered pleading is made a part of the record by order or by bill of exceptions. Felts v. Edwards, etc., 181 Ky. 287, 204 S. W. 145; Holtman v. Bullock, 154 Ky. 634, 157 S. W. 933; Dallas v. Gardner, 207 Ky. 93, 268 S. W. 847.

Appeal dismissed.