**BALL CREEK COAL CO. v. DANIEL et al.**

Court of Appeals of Kentucky.

Nov. 7, 1952.

T. E. Moore, Jr., Hazard, for appellant.

W. W. Reeves, Hazard, for appellees.

R. G. Rader, pro se.

WADDILL, Commissioner.

Ball Creek Coal Company, appellant herein, brought this suit to enforce a lien on a Sullivan Shortwall coal cutting machine which appellees, Daniel and Grigsby, had purchased from appellant under a conditional sales agreement, and for a judgment for the balance due thereon. Appellant was adjudged a lien for $1,400 with interest, representing the unpaid balance due, and the court directed a Special Commissioner to sell the machine on the first day of the July, 1950, term of the Perry Circuit Court.

The Special Commissioner duly advertised and conducted the sale as ordered by the court, but the highest bidder was unable to execute a satisfactory bond. The ordered sale was not consummated and the Commissioner undertook to hold a second sale without further order of the court on the 15th of December, 1950. The machine was sold for costs on the second sale to appellee, Rader. Exceptions to this sale were overruled and judgment was entered approving the sale. From this action of the court an appeal is prosecuted.

The appellant claims that the amount received was inadequate. Inadequacy of price alone is not sufficient ground for setting aside a judicial sale. Melton v. Tipton, 264 Ky. 196, 94 S.W.2d 350.

██ The Special Commissioner was a mere ministerial agent of the court, with no power to act at variance with the directions in the judgment. He had no power to conduct a sale on a different date from that directed by the court in the judgment. It was the Commissioner's duty to report no sale and apply to the court for further directions. The purported second sale was a nullity. Owens v. Witmer Co., 275 Ky. 439, 121 S.W.2d 966; Barnett v. Bank of Commerce, 264 Ky. 179, 94 S.W.2d 334; Dallas v. Gardner, 207 Ky. 93, 268 S.W. 847; Burks' Adm'r v. Lane Lumber Co., 28 K.L. R. 545, 89 S.W. 686; Abell v. Duparcy, 1 Ky. Opinion 40.

Therefore, the judgment is reversed insofar as it denied appellant's motion to set aside the order approving the sale, with directions to the circuit court to order a new sale.